UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TASTY ONE, LLC,

    Plaintiff,

v.

EARTH SMARTE WATER, LLC,

    Defendant.

Case No. 2:20-cv-01625-APG-NJK

**ORDER**

[Docket No. 23]

    Pending before the Court is Defendant's motion requesting leave to file an amended answer and counterclaim. Docket No. 23. The Court has considered Defendant's motion, Plaintiff's response, and Defendant's reply. Docket Nos. 23, 25, 26. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed more fully below, the Court **GRANTS** the motion.

**I.   BACKGROUND**

    On July 17, 2020, Plaintiff filed a complaint in state court. Docket No. 1 at 6. On September 2, 2020, Defendant removed the action to this Court. *Id.* at 1. Thereafter, on November 2, 2020, Defendant filed an answer. Docket No. 11. On December 29, 2020, the Court entered a scheduling order and set deadlines for this case, including the deadline to amend pleadings and add parties on May 3, 2021. Docket No. 18 at 2. On February 19, 2021, Defendant filed the instant motion for leave to amend its answer and file counterclaim. Docket No. 23.

**II.   LEGAL STANDARD**

    Requests for leave to amend pleadings are generally governed by Rule 15(a) of the Federal Rules of Civil Procedure, which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). There is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). As such, the Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4)

futility of the amendment; and (5) whether the party has previously amended its pleading. *See id.* at 1052.[1] These factors do not carry equal weight, however, with prejudice being the most significant factor. *See id.* The party opposing the amendment bears the burden of showing why leave should be denied. *Llavata v. Morrow*, 2012 WL 789130, at *1 (D. Nev. Oct. 22, 2012).

**III. ANALYSIS**

Defendant seeks leave from the Court to amend its answer by adding a compulsory counterclaim against Plaintiff and a third-party complaint against Pure Water Technologies, LLC, Adam Kaplan, and Jane Doe Kaplan. *See* Docket No. 23 at 4; *see also* Docket No. 23-1 at 6, 25.

Plaintiff opposes Defendant's motion on several grounds. First, Plaintiff submits that granting leave to amend would be prejudicial. Docket No. 25 at 6–9. Specifically, Plaintiff submits that permitting Defendant to file its amended answer would "increas[e] the time and expense necessary to seek relief for the claim it has asserted while simultaneously defending against baseless and frivolous claims." *Id.* at 7. Plaintiff, however, cites no cases holding that prejudice should be measured by litigation expenses incurred while adjudicating the merits of a counterclaim or third-party complaint. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001) ("Appellants cite no cases holding that prejudice should be measured by litigation expenses incurred before a motion to amend is filed"); *see also Clark v. Citizens of Humanity*, 97 F. Supp. 3d 1199, 1209 (S.D. Cal. 2015) ("[L]itigation expenses alone do not equal prejudice"); *Kyllonen v. GNC Franchising, LLC*, 2019 WL 2492272, at *5 (D. Nev. June 13, 2019) ("[R]equiring a plaintiff to adjudicate a claim on the merits does not constitute prejudice"). Thus, the Court finds that Plaintiff fails to establish sufficient prejudice to deny leave to amend. *See Eminence Capital*, 316 F.3d at 1052 (quoting *Lone Star ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001)) ("Prejudice is the 'touchstone of the inquiry under [R]ule 15(a)'").

Plaintiff further submits that granting leave to amend is futile. Docket No. 25 at 7–9. However, denial of leave to amend on the ground of futility is rare. *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003). "Ordinarily, courts will defer consideration of challenges

---

[1] Unless otherwise noted, references to "Rules" refer to the Federal Rules of Civil Procedure.

2

to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Id.*  The Court therefore finds Plaintiff's futility argument insufficient to deny leave to amend. *See, e.g.*, *Babbitt v. Nielsen*, 2019 WL 918986, at *2 (D. Nev. Feb. 25, 2019).

Plaintiff also submits that Defendant's request to amend its answer is made in bad faith. Docket No. 25 at 4–5. Specifically, Plaintiff submits that the allegations in Defendant's proposed counterclaim and third-party complaint arise from information that has been available to Defendant since the action commenced in state court in July 2020. *Id.*  Plaintiff therefore submits that Defendant's request to amend "can only be for purposes of delay and to improperly and exponentially increase the costs of this litigation for [P]laintiff." *Id.* at 5. Plaintiff further submits that Defendant has unduly delayed in asserting the claims in its proposed counterclaim and third-party complaint. *Id.* at 6. "Bad faith or dilatory motives include amendments made for tactical reasons or to delay the litigation." *JS Products, Inc. v. Kabo Tool Co.*, 2013 WL 12318260, at *3 (D. Nev. Apr. 1, 2013). In this case, the deadline for amending pleadings and adding parties has not lapsed. Pursuant to the parties' joint request for special scheduling, the Court set the deadline for amending pleadings and adding parties on May 3, 2021. Docket No. 18 at 2. Further, Plaintiff fails to provide compelling factual evidence to support its argument. *See Llavata*, 2012 WL 789130, at *1 ("The party opposing the amendment bears the burden of showing prejudice, delay, or another reason for denying leave to amend"). As a result, the Court is not persuaded by Plaintiff's argument that the only basis for Defendant's request for leave to amend its answer is bad faith and that Defendant has unduly delayed in asserting its counterclaim.

**IV.    CONCLUSION**

Accordingly, Defendant's motion for leave to file an amended answer and counterclaim, Docket No. 23, is hereby **GRANTED**. Defendant shall file and serve its amended answer and third-party complaint no later than March 22, 2021.

IT IS SO ORDERED.

Dated: March 15, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

3