**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TASTY ONE, LLC,

      Plaintiff(s),

v.

EARTH SMARTE WATER, LLC, et al.,

      Defendant(s).

Case No. 2:20-cv-01625-APG-NJK

**Order**

[Docket Nos. 59, 62]

Pending before the Court is Defendant's motion to compel. Docket No. 59. Plaintiff filed a response in opposition. Docket No. 61. Defendant filed a reply. Docket No. 63. Also pending before the Court is Plaintiff's counter-motion for a protective order. Docket No. 62. Defendant filed a response in opposition. Docket No. 64. The Court does not require a reply. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

The Court is at a loss. The instant dispute boils down to counsel's inability to agree on a stipulated protective order by which Plaintiff can designate documents as being for attorney's eyes only. "Counsel should strive to be cooperative, practical, and sensible." *Cardoza v. Bloomin' Brands*, 141 F. Supp. 3d 1137, 1145 (D. Nev. 2015). Crafting a stipulated protective order is a routine endeavor that should almost always be uncontroversial. To that end, the Court four months ago made clear in this case that "[t]his does not appear to be a dispute that should require motion practice and judicial intervention." Docket No. 46 at 1. And, yet, the parties have engaged in competing motion practice because they cannot comply with their obligations to conduct themselves reasonably to craft a standard stipulated protective order.

Although the Court would be justified to again deny the competing motions so that the parties can try to resolve this issue cooperatively, the Court declines to drag this process out further. Given the circumstances, the Court will instead *sua sponte* issue a standard protective order

1

1  allowing for an attorney's eyes only designation.[1]  To be clear, the Court does not—and cannot

2  based on the information before it—determine whether any particular document warrants any

3  particular level of protection.  *Cf. Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 475 (9th

4  Cir. 1992) (explaining that a showing of good cause is not required for entry of a blanket protective

5  order).  Instead, the entry of this protective order simply provides the parties with a framework to

6  designate documents in good faith and to facilitate the process of disclosing documents through

7  discovery.  To the extent a dispute arises with respect to any particular designation(s) that has

8  actually been made, counsel must confer as required by Local Rule 26-6(c).  In the <u>highly unlikely</u>

9  event that judicial involvement is still required after the meet-and-confer process, then motion

10 practice may be filed challenging the disputed designation.

11      Consistent herewith, both the motion to compel and the motion for protective order are

12 **DENIED** as moot.[2]  The Court instead will issue a protective order concurrently herewith.

13 Documents must be produced with any designations by September 28, 2021.

14      **The Court will make a few things clear.  First, as stated previously, this is not a dispute**

15 **that should have required judicial involvement.  The Court will not hesitate moving forward**

16 **to require counsel to engage in cooperative resolution of their discovery disputes.  Second,**

17 **the Court is not impressed by the ubiquitous character attacks in the briefing.  <u>Counsel must**

18 **refrain moving forward from any such unnecessary sniping.</u>  Third, the Court shares some**

19 **of Plaintiff's concerns that the motion to compel was not brought with reasonable diligence.**

20 **The parties must seek relief in the future with appropriate speed.**

21      IT IS SO ORDERED.

22      Dated: September 14, 2021

23      _____

24      Nancy J. Koppe
        United States Magistrate Judge

25

---

26      [1] This standard protective order is based on the form order of United States Magistrate
Judge Jacqueline Chooljian.  *See* https://www.cacd.uscourts.gov/honorable-jacqueline-chooljian
27 (link to "Orders and Additional Documents" for "JC Atty Eyes Only Form Protective Order").

28      [2] The competing requests for an award of expenses are **DENIED**.