UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TASTY ONE, LLC d/b/a EARTH SMARTE WATER OF LAS VEGAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>EARTH SMARTE WATER, LLC d/b/a DENCOH20, LLC; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>　　　　Defendants | Case No.: 2:20-cv-01625-APG-NJK<br><br>**Order Denying Defendant's Motion to Deny or Defer Ruling on Motion for Summary Judgment and Denying Plaintiff's Motion to Show Cause Regarding Contempt**<br><br>[ECF No. 70, 72] |

　　　Plaintiff Tasty One, LLC and defendant Earth Smarte Water, LLC (ESWLLC) signed a licensing agreement for Tasty One to sell ESWLLC's water treatment systems.  Tasty One and ESWLLC now sue each other for, among other things, breach of the agreement.  Tasty One moved for summary judgment on its claims and on ESWLLC's counterclaims.  ESWLLC responded by moving for an order denying or deferring my ruling on Tasty One's summary judgment motion under Federal Rule of Civil Procedure 56(d) until ESWLLC received a document production from Tasty One and conducted further discovery based on the production.  Tasty One opposed the motion and moved for an order to show cause as to why ESWLLC's counsel should not be held in contempt for misleading me through its Rule 56(d) motion, because Tasty One had already produced the documents.

　　　ESWLLC received the document production, but its mistaken belief that it had not was inadvertent.  Consequently, I deny ESWLLC's Rule 56(d) motion and Tasty One's motion regarding contempt.  Finally, I set a May 6, 2022 deadline for ESWLLC to respond to the pending summary judgment motion.

"Rule 56(d) offers relief to a litigant who, faced with a summary judgment motion, shows the court by affidavit or declaration that 'it cannot present facts essential to justify its opposition.'" *Michelman v. Lincoln Nat'l Life Ins. Co.*, 685 F.3d 887, 899 (9th Cir. 2012) (quoting Rule 56(d)).  A party seeking Rule 56(d) relief must show that "(1) it has set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment." *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008).  When presented with a Rule 56(d) motion, I may "(1) defer considering the [summary judgment] motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d).  Whether to grant relief under this rule lies within my discretion. *Burlington N. Santa Fe R.R. Co. v. The Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 773 (9th Cir. 2003).

ESWLLC argues that I should defer ruling on the summary judgment motion because Tasty One had yet to produce some 2,100 documents that Judge Koppe ordered be produced. ECF No. 65 at 2.  ESWLLC contends it should have an opportunity to review those documents and depose witnesses based on them.  Tasty One responds that it already provided the documents, so there is no reason to extend discovery or defer my ruling.  Tasty One contends that ESWLLC failed to conduct discovery during the discovery period and ESWLLC has already received an extension to respond to the summary judgment motion.  Further, Tasty One moves for an order to show cause as to why ESWLLC should not be sanctioned for misleading me about it allegedly not receiving the documents.  Tasty One requests, among other sanctions, that ESWLLC be made to pay the attorneys' fees associated with filing Tasty One's response.

In reply, ESWLLC admits that it received the documents at issue and that its misrepresentations to me to the contrary were inadvertent. But ESWLLC maintains its request that I defer my summary judgment ruling until it can review the documents. ESWLLC notes that it has its response to the summary judgement motion ready to be filed. But it does not explain why it still has not filed that response despite confirming it received the documents it allegedly needed.

I deny ESWLLC's Rule 56(d) motion because it already received the documents that formed the basis for its motion. Further, discovery in this case closed on July 30, 2021. ECF No. 18 at 2. So ESWLLC's argument that I should defer my ruling until it can complete depositions based on the documents is misplaced.

I also deny Tasty One's motion to show cause regarding contempt or sanctions because it appears that ESWLLC's mistake was inadvertent. Tasty One maintains that ESWLLC should have to pay the attorneys' fees Tasty One incurred by opposing the Rule 56(d) motion in part because ESWLLC could have avoided its mistake by calling Tasty One's counsel to inquire about the documents when it did not receive them by the date Judge Koppe ordered. But Tasty One could have avoided having to file a response by similarly calling ESWLLC when it found out, via ESWLLC's Rule 56(d) motion, that ESWLLC believed it had not received the documents. Both parties could have avoided this motion and briefing by picking up the phone.

I THEREFORE ORDER that defendant Earth Smarte Water, LLC's motion to deny or defer ruling on motion for summary judgment **(ECF No. 70) is DENIED**.

I FURTHER ORDER that plaintiff Tasty One, LLC's motion to show cause why defense counsel should not be held in contempt for misleading the court **(ECF No. 72) is DENIED.**

I FURTHER ORDER that Earth Smarte Water, LLC's response to Tasty One, LLC's motion for summary judgment (ECF No. 60) is due by **May 6, 2022.** Tasty One has **14 days** after service of this response to file its reply.

DATED this 30th day of April, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

4