UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TASTY ONE, LLC d/b/a EARTH SMARTE WATER OF LAS VEGAS,<br><br>    Plaintiff,<br><br>v.<br><br>EARTH SMARTE WATER, LLC d/b/a DENCOH20, LLC; DOES I through X; and ROE CORPORATIONS I through X, inclusive,<br><br>    Defendants | Case No.: 2:20-cv-01625-APG-NJK<br><br>**Order Granting in Part Plaintiff's Motion for Summary Judgment and Denying Defendant's Motion to Extend Time**<br><br>[ECF Nos. 60, 81] |

Plaintiff Tasty One, LLC and defendant Earth Smarte Water, LLC (ESWLLC) signed a licensing agreement for Tasty One to sell ESWLLC's water treatment systems. Tasty One and ESWLLC now assert claims against each other for, among other things, breach of the agreement. Tasty One moved for summary judgment on its claims and on ESWLLC's counterclaims. It also requested sanctions under Federal Rule of Civil Procedure 37 for ESWLLC's failure to meaningfully participate in discovery.

I deny Tasty One's motion with regard to its own claims because there is a genuine dispute of material fact over whether some of ESWLLC's actions breached the agreement and whether Tasty One was damaged as a result. I grant Tasty One's motion for summary judgment on ESWLLC's counterclaims because there is no evidence that Tasty One breached the agreement or intentionally interfered with a business relationship, or that ESWLLC was damaged as a result. I deny Tasty One's request for sanctions because it has not identified any Rule 37 violation. Finally, I deny ESWLLC's motion to extend time to file a response to Tasty One's summary judgment motion.

## I. FACTUAL BACKGROUND

Tasty One and ESWLLC entered into a territory license agreement (the Agreement) in 2017. ECF No. 60-1.  The Agreement had a term of seven years and granted Tasty One the exclusive right to use ESWLLC's license to market ESWLLC's water treatment products and services in Clark County, Nevada. *Id.* at 2-4, 29.  The Agreement contained the following provisions:

- A "Currently Supplied Product Pricing" provision, which stated that prices for ESWLLC's products were subject to change with a minimum of 60 days advance notice to Tasty One. *Id.* at 4.  The provision also stated that "[s]uch price increases shall only be a 'pass through' of the direct increase in costs of material or components." *Id.*

- An "Authorized Products and Other Services" provision. *Id.* at 5.  This provision stated that ESWLLC "does not restrict other business activity or other equipment lines offered within" Clark County, and "'competitive' products and/or services sold" in Clark County may not be "contracted on forms associated with" ESWLLC. *Id.*

- A confidentiality provision, which limited Tasty One's use of ESWLLC's Confidential Information to use "solely in connection with the operation of" the license and within Clark County. *Id.* at 18.  The Agreement defined "Confidential Information" as "information, knowledge, trade secrets or know-how relating to [ESWLLC] and the business of marketing [a certain ESWLLC product] or concerning [ESWLLC]'s Systems of operation, programs, services, products, [and] customers . . . which [ESWLLC] . . . ha[s] provided to [Tasty One], to the extent that the information is not generally known to the public or within the water quality industry." *Id.*

- A minimum sales performance provision, in which Tasty One agreed to make at least eight sales per month and that "failure to meet the minimum . . . will forfeit exclusivity to" Clark County. *Id.* at 30.

- A provision in which the parties waived "to the fullest extent permitted by law any right to or claim of any punitive or exemplary damages against the other." *Id.* at 22.

- A "Post Sale Services" provision stating that Tasty One was "responsible for providing labor cost[s] associated with preventive, remedial and/or Warranty services of" ESWLLC's units, while ESWLLC paid for "[e]quipment replacement costs under the terms of the manufacturer's warranty (Earth Smarte Water, LLC)." *Id.* at 8.

In September 2018, ESWLLC released a monthly newsletter in which it stated that it had "received price increases from [its] suppliers on imported" parts, and that prices on certain of ESWLLC's systems would increase to cover these increased costs. ECF No. 60-6 at 2-3. The newsletter went on to state that ESWLLC had the opportunity to improve its system with a new water distributor system and dealers could vote on whether ESWLLC should implement this system. *Id.* The newsletter concluded that "[p]rice increases on the tariffs will be $20 on all units, [and the technology improvement] increase will be $68 on Model 948 and $88 on Model 1252. Total increases are Model 948 $88 - $108 on Model 1252." *Id.*

On August 28, 2019, Terry Denton, ESWLLC's CEO, emailed Adam Kaplan, Tasty One's managing member, and stated that ESWLLC was "removing the Authorized EarthSmarte Water tag from [Kaplan's] dealership for failure to meet monthly sales quotas" established by the Agreement.[1] ECF No. 60-7 at 2; *see also* ECF No. 60-2 at 2. The email also informed Kaplan

---

[1] Tasty One notes that the Agreement's minimum monthly sales requirement was eight, not twelve, units as ESWLLC stated in this email. But Tasty One does not claim that it fulfilled either an eight- or twelve-unit sales requirement, so I do not address this issue.

3

that Tasty One violated the Agreement by failing to provide the required liability insurance. ECF No. 60-7 at 2 .

Kaplan responded two days later that ESWLLC did not have the right to label Tasty One as "unauthorized." ECF No. 60-8 at 2. Kaplan also demanded ESWLLC prove the price increases were pass throughs under the Agreement and demanded a refund for all overcharges. *Id.* at 3. Kaplan finally stated that customers' warranty claims had not been resolved and that ESWLLC was required to honor those claims. *Id.* In September and October 2019, the parties corresponded regarding customers' products that needed warranty repairs. ECF No. 60-9.

In February 2020, a representative from Tasty One emailed Denton claiming Tasty One had been overcharged for products in violation of the Agreement and requesting a refund. ECF No. 60-10 at 8-9. Denton later responded that it had increased the prices due to tariffs as well as because it "improved" the system by installing new technology. *Id.* at 5, 7-8.

In March 2020, ESWLLC notified Tasty One through counsel that ESWLLC was immediately closing for business, would be dissolved, and had no assets. ECF No. 60-3 at 2. It also stated that the online ordering portal was closed. *Id.* Though ESWLLC's letter was addressed to "all dealers," Tasty One's Kaplan knew the information in the letter was false because other dealers did not receive the notice. *Id.*; ECF No. 60-2 at 4. Tasty One responded through counsel that the Agreement did not allow ESWLLC to terminate the Agreement through dissolution. ECF No. 60-11 at 2. The parties continued corresponding on this issue. ECF No. 60-4. In an April 17, 2020 email, Denton stated that "we have not yet dissolved the corporation" and ESWLLC "always [has] the option of corporate bankruptcy." ECF No. 60-4 at 10; *see also* ECF No. 60-7 at 3.

According to Kaplan, by April 2020, ESWLLC had closed its online dealer portal and required Tasty One to email its sales directly to Denton. ECF No. 60-2 at 5.  Kaplan testified that he was reluctant to do so and was concerned that if Tasty One paid for the products upfront as the Agreement required, it would not receive its merchandise, given ESWLLC's alleged misconduct. *Id.*  Kaplan testified that ESWLLC would not allow Tasty One to pay the manufacturer directly for the product. *Id.*

Tasty One's 2017-2020 tax returns indicate the following:

- In 2017, gross sales totaled $736,482 and its net profit was $48,851. ECF No. 60-12 at 2.
- In 2018, gross sales totaled $902,337 and its net profit was $4,792. *Id.* at 3.
- In 2019, gross sales totaled $1,110,897 and its net profit was $338,377. *Id.* at 4.
- In 2020, gross sales totaled $535,237 and its net loss was $12,878. *Id.* at 5.

In July 2020, Tasty One sued ESWLLC asserting breach of the Agreement and the implied covenant of good faith and fair dealing. ECF No. 1 at 11-12.  Tasty One requested monetary damages and declaratory and injunctive relief. *Id.* at 9-10, 12.

ESWLLC counterclaimed, alleging that Kaplan manages a competing water filtration company. ECF No. 32 at 6-9.  The counterclaim asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, intentional interference with a business relationship, and breach of fiduciary duty. *Id.* at 14-18.  ESWLLC requested declaratory relief and compensatory and punitive damages. *Id.* at 19-22.

**I. ESWLLC'S MOTION TO EXTEND TIME (ECF No. 81)**

On April 30, 2022, I ordered ESWLLC to respond to Tasty One's summary judgment motion by May 6, 2022. ECF No. 78.  ESWLLC filed its response on May 11, 2022. ECF No.

80. And it moved for extension of time on May 12, 2022, citing an "inadvertent clerical error" for its untimely response. ECF No. 81. Tasty One opposed ESWLLC's motion. ECF No. 82. I may, for good cause, allow ESWLLC more time if it failed to timely respond because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). ESWLLC had represented to me that its response to Tasty One's motion for summary judgment was "full[y] briefed" and "ready for [my] review" on October 20, 2021. ECF No. 70 at 3. Yet ESWLLC's response was untimely many months later. ESWLLC has not demonstrated good cause for its untimely response. Consequently, I deny its motion to extend time.[2]

## II. MOTION FOR SUMMARY JUDGMENT ON TASTY ONE'S CLAIMS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of

---

[2] Even if I were to consider ESWLLC's response, I would still grant Tasty One's summary judgment motion on ESWLLC's counterclaims because ESWLLC's only response is that any lack of evidence supporting its counterclaims is due to a slow discovery process. But discovery is closed. ECF No. 18. ESWLLC has failed to produce evidence identifying a genuine dispute of material fact, and my order remains the same regardless of whether I consider its response.

6

material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *Zetwick v. Cnty. of Yolo*, 850 F.3d 436, 440-41 (9th Cir. 2017).

### A. Breach of Contract

Arizona law governs the parties' disputes arising under the Agreement. ECF No. 60-1 at 21. Under Arizona law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) breach, and (3) resulting damages. *See First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016). Contract interpretation is a question of law for the court. *Hadley v. Sw. Props., Inc.*, 570 P.2d 190, 193 (Ariz. 1977) (en banc). "Where the language of the contract is clear and unambiguous, it must be given effect as it is written." *Id.* But if the language is ambiguous and it is necessary to consider the circumstances in determining its meaning, then determining those circumstances is a question for the trier of fact. *Ash v. Egar*, 541 P.2d 398, 401 (Ariz. Ct. App. 1975).

#### 1. Price Increases

Tasty One alleges that ESWLLC breached the Agreement by increasing its prices beyond pass-through increases permitted by the Agreement when it increased prices due to technology improvements. Tasty One argues that a "direct increase" is one that is outside of ESWLLC's control. It also contends that ESWLLC's September 2018 newsletter did not provide the required minimum 60 days' advance notice of price changes. Tasty One contends that it suffered damages of $24,215 in overcharges for non-pass-through price increases.

The Agreement states that prices for ESWLLC's products were subject to change with a minimum of 60 days advance notice to Tasty One. ECF No. 60-1 at 4. The Agreement also states that "[s]uch price increases shall only be a 'pass through' of the direct increase in costs of

material or components." *Id.*  ESWLLC acknowledged it increased prices "because [it] improve[d] the system and . . . had tariffs on the" imported parts. ECF No. 60-10 at 7.

I deny Tasty One's motion on this claim because Tasty One does not provide evidence that ESWLLC increased the prices of its products fewer than 60 days after ESWLLC sent the newsletter notice.  Tasty One also does not provide evidence that it sold an ESWLLC product at the increased price within 60 days of the newsletter, so it does not demonstrate that ESWLLC breached the Agreement or damaged Tasty One in this way.

The Agreement does not unambiguously prohibit price increases that resulted from improvements to technology.  At a minimum, there is a question of fact about whether price increases resulting from technology improvements are direct increases or are otherwise allowed as a pass through under the Agreement.  Tasty One presents no evidence justifying its argument that the Agreement defines "direct increase" as one that is outside of ESWLLC's control.  I therefore deny Tasty One's motion for summary judgment that ESWLLC breached the Agreement by increasing prices.

### 2. "Unauthorized Dealer" Label & Online Product Portal

Tasty One argues that ESWLLC breached the Agreement by informing Tasty One that it was no longer designated as an "authorized" seller because it failed to meet the minimum sales requirement.  Tasty One contends that an addendum to the Agreement stated that if Tasty One failed to meet the sales requirement, the only remedy available to ESWLLC was to forfeit Tasty One's exclusivity rights.  Tasty One argues that labeling it as an unauthorized dealer cost it credibility with its customers.  It argues that ESWLLC did not have the right to revoke its access to ESWLLC's online sales portal, which damaged Tasty One's ability to maintain its sales quota.

1    Tasty One contends that after it was denied access to the online sales portal in 2020, it
2 suffered a decline in sales and profits.  As proof, it notes that its 2020 revenue fell to $535,237
3 and it suffered a loss of $12,878.  It argues that if not for ESWLLC's breaches, Tasty One's
4 revenue and profits would have increased throughout the Agreement's term, as it had until that
5 point, and its profit for 2020-2023 would have been $2,051,008.

6    The Agreement states that if Tasty One fails to meet the minimum sales requirements it
7 will "forfeit exclusivity to" Clark County. *Id.* at 30.  The Agreement does not unambiguously
8 state that this is the sole remedy for this particular breach. Tasty One therefore has not
9 demonstrated that ESWLLC's "unauthorized dealer" label breached the Agreement.  Tasty One
10 also has not demonstrated that it was damaged by ESWLLC's label.  It does not demonstrate
11 what, if any, consequences flowed from ESWLLC's email or that it lost credibility or goodwill
12 from customers.

13    Tasty One does not identify the Agreement provision requiring ESWLLC to maintain an
14 online sales portal, and it does not demonstrate that it lost customers' sales as a result of losing
15 access to the portal.  Though Kaplan testified that he was reluctant to email sales directly to
16 ESWLLC after it closed its portal, Tasty One presented no evidence that closing the portal
17 actually caused lost sales.  And though Tasty One presents its tax returns showing a decrease in
18 gross sales and a net loss for the first time in 2020, Tasty One has not causally connected those to
19 any of ESWLLC's alleged breaches.  I therefore deny Tasty One's motion for summary
20 judgment that ESWLLC breached the Agreement by labeling it an "unauthorized dealer" and
21 revoking access to the online sales portal.
22 / / / /
23 / / / /

9

### 3. Warranty Provision

Tasty One argues that ESWLLC breached the Agreement when it denied that it was obligated to provide warranty services to Tasty One's customers, and instead blamed Tasty One for ESWLLC's failure to resolve the complaints. Tasty One contends that it suffered approximately $12,500 in damages for unreimbursed warranty expenses.

The Agreement provides that Tasty One was "responsible for providing labor cost[s] associated with . . . [w]arranty services of" ESWLLC's units, while ESWLLC was to pay for "[e]quipment replacement costs under the terms of the manufacturer's warranty (Earth Smarte Water, LLC)." *Id.* at 8. The Agreement unambiguously states that ESWLLC must pay for equipment replacement costs under the manufacturer's warranty. But the Agreement is ambiguous as to which party is responsible for facilitating customers' warranty claims. Therefore, Tasty One has not demonstrated that ESWLLC's actions breached the Agreement. And though Tasty One argues that ESWLLC's barriers to servicing the warranty damaged Tasty One, Tasty One presents no evidence substantiating its claim that it suffered $12,500 in unreimbursed warranty expenses. I am not required to comb through the record to substantiate Tasty One's conclusory claim of damages. *See Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). Because Tasty One has not demonstrated ESWLLC breached the Agreement by failing to provide warranty services or that Tasty One was damaged as a result, I deny Tasty One's motion for summary judgment for breach of contract on this theory.

### 4. Premature Termination

Tasty One next argues that ESWLLC breached the Agreement when it intentionally misrepresented that it had no assets and would be dissolving to prematurely terminate the Agreement.

Section 14 of the Agreement provides for the circumstances under which the parties may terminate the Agreement. ECF No. 60-1 at 12-15. Tasty One has not met its burden to identify where the Agreement provides that an attempt to terminate the Agreement through insolvency breaches the Agreement. Again, I am not required to comb through the record to find a reason to grant Tasty One's motion for summary judgment. *See Carmen*, 237 F.3d at 1029. Questions of fact remain, including whether ESWLLC's attempt to terminate the Agreement in this way violates the Agreement, whether the Agreement was terminated, and whether Tasty One was damaged as a result. I therefore deny Tasty One's motion for summary judgment that ESWLLC breached the Agreement for this reason.

### B. Breach of Implied Covenant of Good Faith and Fair Dealing

In Arizona, a covenant of good faith and fair dealing is implied in every contract. *Wells Fargo Bank v. Ariz. Laborers, Teamsters and Cement Masons Loc. No. 395 Pension Tr. Fund*, 38 P.3d 12, 28 (Ariz. 2002) (en banc). This covenant "prohibits a party from doing anything to prevent other parties to the contract from receiving the benefits and entitlements of the agreement." *Id.* "A party may breach an express covenant of the contract without breaching the implied covenant of good faith and fair dealing." *Wells Fargo Bank*, 38 P.3d at 30. Conversely, a party may breach the implied covenant of good faith and fair dealing without breaching an express covenant in the contract. *Id.*

Tasty One argues that it is entitled to summary judgment on its claim for breach of the implied covenant because ESWLLC failed to adhere to the Agreement. In other words, Tasty One argues that because ESWLLC breached the Agreement, it also breached the implied covenant of good faith and fair dealing. But Tasty One's conclusion does not follow from Arizona law. *See Wells Fargo Bank*, 38 P.3d at 30 ("A party may breach an express covenant of

11

the contract without breaching the implied covenant of good faith and fair dealing."). And as discussed above, Tasty One has not shown that it is entitled to summary judgment on the alleged breaches.

Tasty One also seems to argue that ESWLLC's misrepresentation regarding its insolvency violates the covenant of good faith and fair dealing. Tasty One has not met its burden on this theory because it has not identified how ESWLLC's alleged misrepresentation regarding insolvency prevented Tasty One from receiving the benefits of the Agreement, and questions of fact remain regarding whether Tasty One was damaged as a result. I therefore deny Tasty One's motion for summary judgment on its breach of the implied covenant of good faith and fair dealing claim.

### C. Declaratory Relief

Tasty One argues it is entitled to a declaration of the parties' rights, responsibilities, and appropriate remedies under the Agreement because ESWLLC has been attempting to repudiate the Agreement since August 2019 and breached the Agreement.

Tasty One is not entitled to a declaration at this time because it has not demonstrated it is entitled to judgment on any of its claims. Further, Tasty One's request for declaratory relief is duplicative of its contractual claims. *Cf. Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (request for a declaration of defendants' liability for damages that were sought for plaintiff's other causes of action was properly dismissed). I therefore deny Tasty One's motion for summary judgment on its request for declaratory judgment.

### D. Injunctive Relief

Tasty One argues that without injunctive relief preserving ESWLLC's financial status, ESWLLC may file bankruptcy to avoid a judgment in Tasty One's favor. Tasty One is not

entitled to an injunction because it has not established it is entitled to judgment in its favor on any of its claims. Further, Tasty One has not cited authority that would allow me to bar ESWLLC from filing for bankruptcy. I therefore deny Tasty One's request for injunctive relief.

## III. MOTION FOR SUMMARY JUDGMENT ON ESWLLC'S COUNTERCLAIMS

1. Breach of Contract

ESWLLC alleges that Tasty One breached the Agreement by using ESWLLC's confidential information for another entity's benefit and by using ESWLLC's national database to poach ESWLLC's clients. ECF No. 32 at 14-15. Tasty One contends, however, that the Agreement permitted Tasty One and Kaplan to own other businesses and sell other products so long as Tasty One did not use ESWLLC's purchase forms to sell non-ESWLLC products. Tasty One contends that ESWLLC has no evidence that Tasty One used ESWLLC's proprietary materials to sell the competing business's products. Tasty One relies on ESWLLC's response to Tasty One's second set of requests for production of documents, where ESWLLC stated that it had no documents that support this contention. ECF No. 60-17. Tasty One also contends that ESWLLC's claim that Tasty One failed to maintain the insurance required under the Agreement fails because Tasty One quickly reinstated the expired insurance and ESWLLC cannot show it was damaged by this non-material breach.

ESWLLC admitted that it had no documents showing Tasty One used ESWLLC's confidential information for another entity. *See* ECF No. 60-17 at 7, 9, 10, 12. ESWLLC has presented no evidence that Tasty One used ESWLLC's confidential information or national database for another entity (namely, Kaplan's competing business), or that it was damaged by any alleged breach. Tasty One is entitled to summary judgment because ESWLLC has not

13

demonstrated there is a genuine issue of material fact for trial on this point. I therefore grant Tasty One's motion for summary judgment on ESWLLC's counterclaim for breach of contract.

### 2. Breach of Implied Covenant of Good Faith and Fair Dealing

ESWLLC alleges that Tasty One breached the implied covenant of good faith and fair dealing by "by denying [ESWLLC] the benefit of the" Agreement. ECF No. 32 at 15. Tasty One argues that ESWLLC has failed to produce evidence of damages to support its counterclaims.

ESWLLC has presented no evidence to support a finding that Tasty One denied it the benefit of the Agreement or that it suffered damages as a result. I therefore grant Tasty One's motion for summary judgment on ESWLLC's counterclaim asserting breach of the covenant of good faith and fair dealing.

### 3. Intentional Interference with Business Relationship

Under Arizona law, the elements of claim for intentional interference with business relationship are: (1) "a valid contractual relationship, (2) knowledge of the relationship on the part of the interferor, (3) intentional interference inducing or causing a breach, (4) resultant damage to the party whose relationship has been disrupted, and (5) that the defendant acted improperly." *Wells Fargo Bank*, 38 P.3d at 32.

ESWLLC alleges that Tasty One utilized ESWLLC's customer list to sell Kaplan's competing product. ECF No. 32 at 16-18.[3] Tasty One argues ESWLLC has presented no proof that Tasty One sold its competing product to ESWLLC's clients, or that Tasty One used ESWLLC's confidential or proprietary information to sell the competing product. It also contends that ESWLLC has not provided evidence of any damages from alleged misconduct.

---

[3] Tasty One also notes ESWLLC alleged before the lawsuit that Tasty One used ESWLLC's brand name to makes sales appointments during which Tasty One sold the competing business's product. This allegation is not in ESWLLC's counterclaim.

14

Tasty One also argues that the Agreement permitted it to sell competing products, and any leads that came in through the ESWLLC website from Clark County were the direct result of Tasty One's marketing efforts.

There is no evidence that Tasty One utilized ESWLLC's customer list to sell a competing product. ESWLLC has not met its burden of providing evidence that Tasty One intentionally interfered with a business relationship and that ESWLLC was damaged. I therefore grant Tasty One's motion for summary judgment on this counterclaim.

### 4. Breach of Fiduciary Duty

ESWLLC alleges Tasty One breached its fiduciary duty by using confidential, proprietary information and trade secrets for Kaplan's competing product. *Id.* at 18. Tasty One admits the parties had a fiduciary relationship, but it argues it could not have used ESWLLC's confidential information to benefit a third party because ESWLLC does not own the rights to the system's components. Tasty One contends that even assuming it used ESWLLC's confidential information, there is no evidence of damages.

ESWLLC has not met its burden to set forth specific facts that it suffered damages from any alleged breach of fiduciary duty. I therefore grant Tasty One's motion for summary judgment on this counterclaim.

### 5. Declaratory Relief

Tasty One argues that because ESWLLC's counterclaims fail, its claim for declaratory relief also fails. I agree, so I grant Tasty One's motion for summary judgment on ESWLLC's request for declaratory relief.

/ / / /

/ / / /

      6. <u>Punitive Damages</u>

The Agreement waives the parties' right to seek punitive damages against each other. ECF No. 60-1 at 22. I therefore grant Tasty One's motion for summary judgment on ESWLLC's punitive damages request.

**IV. RULE 37 SANCTIONS**

Tasty One moves for Rule 37 sanctions against ESWLLC. It argues I should order ESWLLC to pay Tasty One's attorneys' fees and costs because ESWLLC failed to meaningfully participate in discovery in good faith. It contends that ESWLLC was given a final opportunity to produce evidence in support of its counterclaims but did not do so. Tasty One argues that given that ESWLLC has failed to produce any evidence in support of its counterclaims, it is clear the counterclaims were a sham. It requests that if I do not grant its motion for summary judgment, then I should bar ESWLLC from presenting evidence of damages at trial.

Tasty One does not identify which specific discovery rules or obligations ESWLLC violated. It notes that Judge Koppe ordered ESWLLC to respond to Tasty One's discovery requests, but it does not argue ESWLLC violated that order. ECF No. 60 at 25-26. Tasty One simply argues that because ESWLLC did not produce evidence in support of its counterclaims, it should be sanctioned. Tasty One also has not sufficiently demonstrated that ESWLLC failed to participate in discovery in good faith. I therefore deny the portion of its motion requesting sanctions under Rule 37.[4] My decision is without prejudice to Tasty One moving *in limine* to exclude evidence at trial that was not produced during discovery if a sufficient basis exists.

---

[4] ESWLLC's response contends I should impose sanctions under Rule 11 against Tasty One, but ESWLLC did not comply with Rule 11's requirements. Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)."). Even if I were to consider ESWLLC's response, I would deny its request for sanctions.

## V. CONCLUSION

I THEREFORE ORDER that plaintiff Tasty One, LLC's motion for summary judgment **(ECF No. 60) is DENIED** as to its own claims and its request for sanctions, and **GRANTED** as to defendant Earth Smarte Water, LLC's counterclaims. I FURTHER ORDER that defendant Earth Smarte Water, LLC's motion to extend time **(ECF No. 81) is DENIED**.

DATED this 9th day of June, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE