JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN-PAUL HENDRICKS, ESQ.
Nevada Bar No. 10079
**MAIER GUTIERREZ & ASSOCIATES**
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
Telephone: (702) 629-7900
Facsimile: (702) 629-7925
E-mail:      jag@mgalaw.com
             jph@mgalaw.com

*Attorneys for Plaintiff/Counterdefendant Tasty One, LLC*
*d/b/a Earth Smarte Water of Las Vegas*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TASTY ONE, LLC d/b/a EARTH SMARTE WATER OF LAS VEGAS, Foreign Limited-Liability Company; | Case No.:      2:20-cv-01625-APG-NJK |
| Plaintiff/Counter-Defendant, | **JOINT PRETRIAL ORDER** |
| vs. | |
| EARTH SMARTE WATER, LLC d/b/a DENCOH2O, LLC, an Arizona company; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendant/Counter-Claimant. | |

Following pretrial proceedings in this case pursuant to LR 16-3 and LR 16-4,

IT IS SO ORDERED:

**I.**

**STATEMENT OF THE NATURE OF THE ACTION, RELIEF SOUGHT, IDENTIFICATION AND CONTENTIONS OF THE PARTIES**

A. **PLAINTIFF'S VIEW**:

   This action involves the breach of a Territory License Agreement ("Agreement") between

Plaintiff and Counter-Defendant Tasty One, LLC d/b/a/ Earth Smarte Water of Las Vegas ("Plaintiff"

or "Tasty One"), and Defendant and Counter-Claimant Earth Smarte Water, LLC d/b/a DencoH20 ("Defendant" or "ESWLLC").  Tasty One and ESWLLC entered into the Agreement on January 4, 2016, granting Tasty One exclusive license to sell ESWLLC's PhSmarte 1000 water system in Clark County, Nevada, for a period of seven years.

Pursuant to the Agreement, Tasty One began selling ESWLLC's products in Las Vegas and paid substantial sums in advertising and other set up costs to drive customers to the Earth Smarte Water website and branding itself as the exclusive dealer of ESWLLC's products in Clark County, Nevada.  Over the next three years, Tasty One sold and installed hundreds of ESWLLC water systems in the Las Vegas area.

In addition to exclusive rights, the Agreement provided that ESWLLC could only increase prices charged to Tasty One if the systems cost more for ESWLLC to produce, and then only the direct amount of the cost increase, if any, known as a "pass through" increase.  Between 2017 and 2020, ESWLLC raised its prices to Tasty One two times under the Agreement.  ESWLLC represented to Tasty One that both of these price increases were "pass through" increases as permitted by the Agreement.  However, Tasty One learned through its vendor, Nelson Corporation, the same vendor that supplied ESWLLC with the components for its systems, that the price increases were more than tariff increases as ESWLLC claimed.

In fact, Tasty One ordered many of the same parts from Nelson Corporation that ESWLLC did, including but not limited to identical mineral tanks and mineral valves.  During the same time period, Tasty One had price increases on the products it purchased directly from Nelson Corporation of approximately $20.  Inexplicably, the increases ESWLLC "passed on" to Tasty One were $80 to $100, much more than the $20 tariff increases.  Tasty One later learned that these price increases also included increases for modifications and upgrades made to the systems in violation of the Agreement.

On March 25, 2020, ESWLLC unexpectedly informed Tasty One in writing of its imminent closure and dissolution due to the financial insolvency.  In April, 2020, ESWLLC rescinded its earlier threat of dissolution and informed Tasty One that it was continuing operation but that Tasty One no longer had exclusive right to the Clark County, Nevada area because it had failed to meet a 12-unit quota under the Agreement, labeling Tasty One an "unauthorized dealer" of ESWLLC products.  It is

important to note here that the Agreement and the addendum thereto called for Tasty One to sell 8 units per month, not 12.  Even if Tasty One did not meet its 8 unit per month quota, the sole remedy for ESWLLC under the Agreement was to remove the exclusive right to sell and continue on this basis for the remainder of the contract, not label Tasty One as an "unauthorized dealer" or attempt to terminate the contract.

Based on ESWLLC's actions, the relationship between Tasty One and ESWLLC continued to deteriorate over the next weeks and months until ESWLLC informed Tasty One that it would no longer have access to the ESWLLC ordering portal.  Throughout the parties' contract, ESWLLC had required that any order for equipment be paid in full prior to shipment of the merchandise. When ESWLLC announced that it was insolvent, would cease operations, and then rescinded this threat, this requirement became untenable because Tasty One was concerned that it would be charged and not receive any merchandise.  In an attempt to remedy this situation, Tasty One offered to pay Nelson Corporation directly for all purchases making them a de facto escrow agent that would send the product to Tasty One and ESWLLC's profits to ESWLLC; ESWLLC flatly refused.

Since that time, ESWLLC has nearly cut off all communications and put in place multiple unnecessary barriers when Tasty One has attempted to request customer support or warranty service. From January, 2017 when the contract was signed, until mid-2020 when ESWLLC cut off access to the ordering portal, Tasty One continued to meet each and every one of its obligations under the contract, including providing warranty service to its customers, notwithstanding the fact that ESWLLC was actively and improperly trying to terminate the contract.

Tasty One filed its Complaint on July 17, 2020, asserting claims against ESWLLC for (1) declaratory relief; (2) breach of the Agreement; (3) breach of the covenant of good faith and fair dealing implied in the Agreement; and (4) injunctive relief.  ESWLLC only sought to refute and produce evidence against one allegation – that it did not increase contract prices for reasons other than "pass through tariff increases."   To that end, ESWLLC produced correspondence from its manufactures detailing when the tariff increases occurred and the corresponding price increase on each unit; however, ESWLLC later admitted that it increased the prices for tariff increases and product upgrades, expressly violating the Agreement.

On June 9, 2022, this Court filed an Order granting Tasty One's motion for summary judgment on ESWLLC's counterclaims and request for punitive damages because there was no evidence that Tasty One breached the agreement or intentionally interfered with a business relationship, or that ESWLLC was damaged as a result, and the Agreement waives the parties' right to seek punitive damages against each other. *See* Order (ECF No. 84).

Consistent with this Court's order granting partial summary judgment in favor of Tasty One, the claims proceeding to trial are Tasty One's claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; and (3) declaratory relief. *Id.* Tasty One is seeking all allowable civil damages, including restitution damages, special/consequential damages, and attorneys' fees and costs, as well as declaratory relief regarding the parties' rights and responsibilities under the Agreement. ESWLLC denies that it breached the Agreement and the covenant of good faith and fair dealing implied in the Agreement, and it denies that Plaintiff is entitled to recover any damages.

**B. DEFENDANT'S VIEW:**

Consistent with this Court's June 9, 2022 Order granting partial summary judgment, Tasty One's claims, as addressed in the Complaint, in the Motion for Summary Judgment, and reiterated above, are now limited in scope. This Court has already held, as a matter of law that a majority of Tasty One's claims fail as a matter of law. Because the Court, in its purview, has already established that these claims fail as a matter of law, those claims cannot not proceed to a trier of fact. Based upon the ruling in the June 9, 2022 Order, and a recital of the vertically identical facts that this Court reviewed in reaching its decision, Tasty One's claims which should proceed to trial under questions of material fact over whether some of ESWLLC's actions breached the agreement and whether Tasty One was damaged as a result, are limited to the following claims:

1) Price Increases

Whether price increases resulting from technology improvements are direct increases or are otherwise allowed as a pass through under the Agreement. Tasty One needs to establish evidence justifying its argument that the Agreement defines a "direct increase" as one that is only outside of ESWLLC's control.

The Court, in its June 9, 2022 Order indicates that Tasty One has the burden of proof in establishing the definition of what is a "direct increase".  Tasty One has not, to date, produced any evidence or expert testimony on this issue and as such, will not likely met the burden of proof needed.

2) <u>Premature Termination</u>

Whether ESWLLC's attempt to terminate the Agreement by insolvency violates the Agreement, whether the Agreement was terminated, and whether Tasty One was damaged as a result.

The Agreement was not terminated, and therefore no breach occurred.  Additionally, because Earth Smarte provided reasonable assurances that it was an ongoing concern with the ability to meet Tasty One's future Orders, tasty One has no damages.  Tasty One has presented no evidence, other than its tax returns, from which damages could be calculated. Earth Smarte will object to the introduction of any reference to tax returns as the June 9, 2022 Order held that as a matter of law, that tasty One has not established that the alleged losses established in the tax returns are causally connected to any of ESWLLC's alleged breaches.

Pursuant to Federal Rules of Evidence 403, "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Even if Tasty One is able to establish that the Agreement was terminated, and that there was a breach, it cannot present any evidence of damages necessary to sustain the cause of action as Arizona law requires that the elements of (1) the existence of a contract, (2) breach, and **<u>(3) resulting damages</u>**. *See First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016) be present for a breach of contract claim.

3) <u>Good Faith and Fair Dealing</u>

Whether the claimed misrepresentation(s) regarding Earth Smarte's insolvency violates the covenant of good faith and fair dealing.

5

The Court, in its June 9, 2022 Order has already concluded, as a matter of law, that Tasty One's remaining claims fail.  As the Court noted in the June 9, 2022, Order, Arizona law governs the parties' disputes arising under the Agreement. Under Arizona law, the elements of a breach of contract claim are: (1) the existence of a contract, (2) breach, and (3) resulting damages. *See First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016). Contract interpretation is a question of law for the court. *Hadley v. Sw. Props., Inc.*, 570 P.2d 190, 193 (Ariz. 1977) (en banc). "Where the language of the contract is clear and unambiguous, it must be given effect as it is written." *Id.* But if the language is ambiguous and it is necessary to consider the circumstances in determining its meaning, then determining those circumstances is a question for the trier of fact. *Ash v. Egar*, 541 P.2d 398, 401 (Ariz. Ct. App. 1975). (ECR #83, pg. 7, lns. 5-13). Because the Court determined as a matter of contract interpretation that at least one of the three necessary elements are missing, the following issues fail as matter of law and do not need to be tried:

1) <u>Price Increases</u>

The Court held that no evidence was presented which would indicate that Tasty One sold an ESWLLC product at the increased price within 60 days of the newsletter, so it **<u>does not demonstrate that ESWLLC breached the Agreement or damaged Tasty One</u>** in this way.

The Court, within its purview, has already determined that under Arizona law, the elements of (2) breach, and (3) resulting damages, are missing. *See First Am. Title Ins. Co. v. Johnson Bank*, 372 P.3d 292, 297 (Ariz. 2016).  Therefore, this claim does not need to proceed to a trier of fact as the claim does not exist as a matter of law.

2) <u>"Unauthorized Dealer" Label</u>

The Court has held that Tasty One **<u>did not demonstrate</u>** that ESWLLC's "unauthorized dealer" **<u>label breached the Agreement</u>**. Tasty One also has **<u>not demonstrated that it was damaged by ESWLLC's label</u>**. It does not demonstrate what, if any, consequences flowed from ESWLLC's email or that it lost credibility or goodwill from customers.

The Court, within its purview, has already determined that under Arizona law, the elements of (2) breach, and (3) resulting damages, are missing. *See First Am. Title Ins. Co. v. Johnson Bank*, 372

1    P.3d 292, 297 (Ariz. 2016).  Therefore, this claim does not need to proceed to a trier of fact as the

2    claim does not exist as a matter of law.

3         3)   <u>Online Product Portal</u>

4         Tasty One **<u>does not identify the Agreement provision</u>** requiring ESWLLC to maintain an

5    online sales portal, and it **<u>does not demonstrate that it lost customers' sales</u>** as a result of losing

6    access to the portal. Though Kaplan testified that he was reluctant to email sales directly to ESWLLC

7    after it closed its portal, Tasty One presented **<u>no evidence that closing the portal actually caused</u>**

8    **<u>lost sales</u>**. And though Tasty One presents its tax returns showing a decrease in gross sales and a net

9    loss for the first time in 2020, Tasty One **<u>has not causally connected</u>** those to any of ESWLLC's

10   alleged breaches.

11        The Court, within its purview, has already determined that under Arizona law, the elements of

12   (1) agreement, and (3) resulting damages, are missing. *See First Am. Title Ins. Co. v. Johnson Bank*,

13   372 P.3d 292, 297 (Ariz. 2016).  Therefore, this claim does not need to proceed to a trier of fact as the

14   claim does not exist as a matter of law.

15        4)   <u>Warranty Services</u>

16        Tasty One **<u>has not demonstrated ESWLLC breached the Agreement</u>** by failing to provide

17   warranty services **<u>or</u>** that Tasty One was **<u>damaged as a result.</u>** Tasty One's claims that it was damaged

18   as a result of by failing to provide warranty services the **<u>no evidence substantiating its claim</u>** that it

19   suffered $12,500 in unreimbursed warranty expenses.

20        The Court, within its purview, has already determined that under Arizona law, the elements of

21   (2) breach, and (3) resulting damages, are missing. *See First Am. Title Ins. Co. v. Johnson Bank*, 372

22   P.3d 292, 297 (Ariz. 2016).  Therefore, this claim does not need to proceed to a trier of fact as the

23   claim does not exist as a matter of law.

24        5)   <u>Breach of Implied Covenant of Good Faith and Fair Dealing</u>

25        The Court has held that Tasty One's argument that because ESWLLC breached the

26   Agreement, it also breached the implied covenant of good faith and fair dealing. As a matter of law,

27   the Court has held that Tasty One's conclusion does not follow from Arizona law. *See Wells Fargo*

28

*Bank*, 38 P.3d at 30 ("A party may breach an express covenant of the contract without breaching the implied covenant of good faith and fair dealing.")

    6) <u>Declaratory Relief</u>

The Court has previously ruled that Tasty One's request for declaratory relief is duplicative of its contractual claims. *Cf. Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007) (request for a declaration of defendants' liability for damages that were sought for plaintiff's other causes of action was properly dismissed).

Additionally, Tasty One materially breached the contract first which relieved Earth Smarte from any further duties under the contract.

## II.

## STATEMENT OF JURISDICTION

Jurisdiction in this case is based on diversity of citizenship under Title 28 U.S.C. § 1332. Plaintiff is a New Mexico limited liability company doing business in Clark County, Nevada. Defendant is an Arizona limited liability company doing business in Maricopa County, Arizona.  The amount in controversy exceeds the sum or value of $75,000.00.

**Earth Smarte's Position:**  Based upon the June 9, 2022, ruling the amount in controversy does not exceed $75,000.00.

Venue is proper in this District pursuant to Title 28 U.S.C. § 1391(b)(2), as a substantial part of the events giving rise to the claims in this action occurred in this District.  *See also* Order Denying Motion to Transfer Venue (ECF No.  15).

## III.

## THE FOLLOWING FACTS ARE ADMITTED BY THE PARTIES AND REQUIRE NO PROOF:

1.    On January 4, 2017, Tasty One and ESWLLC entered into a Territory Licensing Agreement granting Tasty One exclusive license to sell ESWLLC's PhSmarte 1000 water system in Clark County, Nevada, for a period of seven (7) years.

2.    **Excerpted Key Terms of the Agreement:**

    3. Term and Renewal
    …. This Agreement shall expire seven (7) years following the Effective

Date….

4.2 Currently Supplied Product Pricing
…. Prices are subject to change from time to time with advance notification to Licensee of a minimum of 60 days. Such price increases shall only be a "pass through" of the direct increase in costs of material or components.

5. Authorized Products and Other Services
Licensor does not restrict other business activity or other equipment lines offered within Licensee's Protected Territory. In no case may "competitive" products and/or services sold within the Licensee's Protected Territory be contracted on forms associated with EarthSmarte Water, LLC….

10.2 Post Sale Services
Licensee will be responsible for providing labor cost associated with preventative, remedial and/or Warranty services of PhSmarte 1000 units. Equipment replacement costs under the terms of the manufacturer's warranty (Earth Smarte Water, LLC) is paid for by Licensor.

17.1 Restriction on Use of Confidential Information
…. You will never copy, reproduce, divulge or use any Confidential Information for the benefit of any- other person. Business Entity, or other entity, nor will you directly or indirectly permit the disclosure of imitate or aid any such third party to imitate any of the Confidential Information. "Confidential Information" is defined as information, knowledge, trade secrets or know-how relating to the Licensor and the business of marketing the PhSmarte 1000 or concerning the Licensor's Systems of operation, program, services, products, customers' materials, books…We acknowledge that, except to the extent required to comply with our obligations under Licensor warranties or to effect product recalls, we have no right to require you to share or otherwise disclose to us the identity of your customers.

Minimum Sales Performance Guarantee
Within the terms and conditions of this Agreement under the Evaluation of Sales Performance section it is agreed that my Protective Territory will be expected to meet a minimum of Eight (8) sales per month. …Failure to meet the minimum within the terms and conditions of this Agreement will forfeit exclusivity to the protected territory under the terms and conditions within this Agreement.

3.      On September 1, 2018, ESWLLC issued a newsletter entitled "Waterflow" to its dealers notifying them of price increases.  The newsletter notified dealers that price increases from our suppliers on imported descaler parts.  The increase was effective October 2018 and was alleged to cover price increases on tariffs.  Said increases were $20 on all units.

## IV.
## THE FOLLOWING FACTS ARE ALLEGED BY THE PARTIES, WILL BE CONTESTED AT TRIAL, AND WILL REQUIRE EVIDENCE OF PROOF AT TRIAL:

### A. PLAINTIFF'S FACTS:

4.      In or around October 2017, Tasty One, in compliance with Section 4.3 of the Agreement, sought prior approval for its advertisements. These requests were approved by Terry Denton, CEO of ESWLLC in October 2017 and July 2018.

5.      On August 28, 2019, ESWLLC sent correspondence to Tasty One revoking its status as an authorized dealer for failure to meet its monthly sales quota of 12 units per month. This email was factually inaccurate because the Minimum Sales Performance Guarantee provision in the Agreement set the minimum monthly sales quota at 8 units.

6.      Pursuant to that provision, the sole remedy if Tasty One did not meet its sales quota was forfeit its status as exclusive dealer in the Clark County area.

7.      On August 30, 2019, Tasty One responded to ESWLLC's Unauthorized Dealer Email and listed several grievances. Tasty One argued that ESWLLC (1) had no right to label it as an unauthorized dealer pursuant to Section 11.2 of the Agreement; (2) ESWLLC had been overcharging beyond the pass through increases contemplated by the Section 4.2 of the Agreement; and (3) ESWLLC had failed to respond to customer warranty issues. This correspondence also requested a refund of all overcharges.

8.      On September 14, 2019, Tasty One sent an email to ESWLLC requesting it honor warranty claims of three customers.

9.      On February 20, 2020, Tasty One sent a second formal request for refund.  Specifically, Tasty One noted that ESWLLC had increased the price beyond pass through increases which was in no way sufficient to justify its increase of $105.00 per unit for model #948 and $50.00 per unit for model #1252. This email initiated a dialogue between the parties regarding tariff increases, verification requests directly from ESWLLC's manufacturers, and the desire to return to civility as the business relationship had soured.

10.      ESWLLC admitted that price increases resulted from not only tariff increase but that ESWLLC decided to add additional technology to the units.

11.    By Tasty One's calculation, it was overcharged $24,215.00 as of February 2020.

12.    Shortly thereafter, on March 25, 2020, ESWLLC – through its counsel Martin W. Saltzman, P.C. – informed Tasty One that, effective immediately, ESWLLC would be closing for business, and dissolving as it had no assets.  The letter also informed Tasty One that its online dealer ordering portal would now be closed.  This notice of dissolution was patently false as ESWLLC remains operational.

13.    In response, on April 10, 2020, counsel for Tasty One sent a written request that ESWLLC immediately remedy the situation as the Agreement had no provision which allowed for ESWLLC to terminate its contractual obligations based on its own dissolution.

14.    A series of correspondence ensued between counsel, each outlining its clients' rights and remedies under the terms of the Agreement as well as proposed solutions.

15.    During this time, an email was sent from Terry L. Denton, ESWLLC's CEO, admitting to Tasty One that ESWLLC had not yet dissolved as a corporation.

16.    In its first year of operations, 2017, Tasty One's gross revenue for the sale of ESWLLC product was $736,482 and a net profit or loss of $48,851.  In 2018, Tasty One's revenue increased to $902,337, nearly a 20% increase with a net profit or loss of $4,792.  Revenue increased again in 2019 to $1,110,897 and a net profit or loss of $338,377, which was again a nearly 20% increase in revenue and a significant increase in profit.

17.    In late 2019 and early 2020, ESWLLC attempted to declare itself insolvent, notified Tasty One that it did not meet an arbitrary and inflated quota, and cut off Tasty One's access to the online ordering portal.  Plaintiff's revenue in 2020 subsequently fell to $535,237 and its net profit or loss was $12,878.

18.    There are no components or configuration of water filtration systems that are proprietary to any one company because all components are designed by or in some cases patented by third party manufacturers who sell these products to companies like ESWLLC and Tasty One on the wholesale market.

19.    To date, ESWLLC has not refunded Tasty One for the overcharges related to price increases beyond "pass through" increases contemplated under the Agreement.

1    **B.  DEFENDANT'S FACTS:**

2    20.    The September 2018 "Waterflow" newsletter also advised the dealers of the

3  opportunity to improve the PhSmarte 1000 with a new innovative water distributor system (The

4  Vortech).  The newsletter advised that this distribution system would improve the effectiveness of the

5  cleaning cycle and make the system last much longer and treat water much better.  The newsletter

6  stated that the Vortech option also included stainless steel hoses for installation. Finally, the newsletter

7  indicated that Earth Smarte would let its dealers vote on the Vortech Distributor improvement option,

8  advised how to vote, and that results will be posted in the October WaterFlow Newsletter.

9    21.    In the October 2018, "Waterflow" newsletter, Earth Smarte notified it's of the price

10  increase for the tariffs from the stainless steel jackets, descaler parts & Vortech upgrades.  The

11  increase was effective November 2018 and was to cover price increases on tariffs.  Said increases

12  were $88.00 on Model 948 and $108.00 for Model 1252.

13    22.    In an April 2020 correspondence, Tasty One was provided "reasonable assurances"

14  that Earth Smarte Water could and would continue operations and meet Tasty One's need.

15    23.    Based on Tasty One's order history beginning in late 2019 and early 2020, Tasty One

16  was not buying any product.

17    24.    In August 2019, Tasty One had not ordered any of Earth Smarte Water's product.

18    25.    In November 2019, Tasty One did not order any of Earth Smarte Water's product.

19    26.    In June, October, and December 2019, Tasty One only order five (5) units, below the

20  quota amounts.

21    27.    Tasty One had not ordered any of Earth Smarte Water's product in January or February

22  2020, months before the "insolvency" letter was sent.

23    28.    Tasty One still ordered one unit in March 2020 and one in April 2020, despite Earth

24  Smarte Water's alleged "insolvency."

25    29.    Tasty One materially breached the contract first, thereby relieving Earth Smarte from

26  any further performance.

27  / / /

28  / / /

**V.**

**THE FOLLOWING FACTS, THOUGH NOT ADMITTED, WILL NOT BE CONTESTED AT TRIAL BY EVIDENCE TO THE CONTRARY:**

1.      None at this time.

**VI.**

**THE FOLLOWING ARE THE ISSUES OF FACT TO BE TRIED AND DETERMINED UPON TRIAL:**

A.      PLAINTIFF'S PROPOSED ISSUES OF FACTS:

1.      Whether ESWLLC increased the prices of its products fewer than 60 days after ESWLLC issued a newsletter to its dealers notifying them of price increases.

>   **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists. This should not be a fact presented at trial.

2.      Whether Tasty One sold an ESWLLC product at the increased price within 60 days of ESWLLC sending the newsletter notice.

>   **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists. This should not be a fact presented at trial.

3.      Whether Tasty One and ESWLLC intended for improvements to technology to constitute "direct increases in costs of material or components" or otherwise "pass through" increases at the time of entering the Agreement, when the parties did not include "improvements to technology" in the provision on allowable pass through increases.

4.      Whether ESWLLC breached the Agreement when it changed the technology of the unit and increased its price to dealers as a "pass through" increase because of the technology change.

5.      Whether ESWLLC breached the Agreement when it labeled Tasty One as an "unauthorized dealer," when the addendum states that if Tasty One fails to meet the minimum sales requirement, it will "forfeit exclusivity" to Clark County.

>   **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made

1    the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists.

2    This should not be a fact presented at trial.

3    6.    Whether ESWLLC breached the Agreement when it revoked Tasty One's access to

4    ESWLLC's online sales portal, when the addendum states that if Tasty One fails to meet the minimum

5    sales requirement, it will "forfeit exclusivity" to Clark County.

6    **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made

7    the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists.

8    This should not be a fact presented at trial.

9    7.    Whether Tasty One suffered damages through lost sales as a result of ESWLLC

10    denying it access to the online sales portal in 2020, when Tasty One's revenue subsequently fell

11    $535,237, resulting in a suffered loss of $12,878, despite its consistent near 20% revenue increases

12    and profit increases from 2017 through 2019.

13    **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made

14    the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists.

15    This should not be a fact presented at trial.

16    8.    Whether ESWLLC breached the Agreement when it failed to maintain its online sales

17    portal, when Tasty One's ability to sell ESWLLC products depends on its ability to access the online

18    sales portal.

19    **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made

20    the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists.

21    This should not be a fact presented at trial.

22    9.    Whether the parties intended for ESWLLC to be responsible for providing warranty

23    services to Tasty One's customers when the Agreement states that although Tasty One was

24    "responsible for providing labor cost[s] associated with . . . [w]arranty services of ESWLLC's units,"

25    ESWLLC was to pay for "[e]quipment replacement costs under the terms of the manufacturer's

26    warranty," and ESWLLC is the party that was required to fulfill Tasty One's warranty requests.

27    **Earth Smarte Water's Response:**  The Court has already reviewed this fact and made

28    the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists.

14

1     This should not be a fact presented at trial.

2     10.     Whether Tasty One suffered damages as a result of ESWLLC's barriers to servicing

3 the warranty, when Tasty One subsequently suffered $12,500 in unreimbursed warranty expenses.

4     **Earth Smarte Water's Response:** The Court has already reviewed this fact and made

5 the determination, as a matter of law by virtue of its June 9, 2022 Order, that no claim exists.

6 This should not be a fact presented at trial.

7     11.     Whether ESWLLC intentionally and fraudulently misrepresented to Tasty One that it

8 was insolvent.

9     12.     Whether ESWLLC attempted to prematurely terminate the Agreement when it

10 misrepresented to Tasty One that it was insolvent.

11     13.     Whether Tasty One was damaged as a result of ESWLLC's attempt to prematurely

12 terminate the Agreement by intentionally and fraudulently misrepresenting its insolvency and closing

13 access to the online dealer portal, when Tasty One was forced to expend time and resources to

14 correspond with ESWLLC's counsel and CEO to find out that ESWLLC had not actually dissolved,

15 and when Tasty One could no longer make further orders for equipment or parts through the online

16 dealer portal.

17     **Earth Smarte Water's Response:** The Court has already partially reviewed this fact

18 and made the determination, as a matter of law by virtue of its June 9, 2022 Order, that no

19 claim exists. The only genuine fact that should be presented is "Whether Tasty One was

20 damaged as a result of ESWLLC's attempt to prematurely terminate the Agreement by stating

21 it was insolvent."

22     **B.**     **DEFENDANT'S PROPOSED ISSUES OF FACT:**

23       1.   Whether the price increases resulting from technology improvements are direct

24         increases or are otherwise allowed as a pass through under the Agreement.

25       2.   Whether technology improvements are costs of material or components.

26       3.   Whether Tasty One can establish its definition that "direct increase" is one that is

27         outside of ESWLLC's control.

28       4.   Whether Earth Smarte Water represented insolvency in order to preliminarily and

improperly terminate the Agreement.

5. Whether the April 2020 letter provided reasonable assurances that Earth Smarte Water was still an ongoing concern and had the ability to meet Tasty One's sales.

6. Whether Tasty One's sales were below the quota minimum or non-existent in the months leading up to the March 2020 alleged "insolvency" letter.

7. If the so-called "insolvency" letter was a breach of the Agreement.

8. If the so-called "insolvency" letter was an alleged breach, what, if any, are the extent of Tasty One's damages.

9. Whether the Agreement was terminated.

10. Whether Tasty One materially breached the contract first and relieved Earth Smarte of any further performance.

## VII.

## THE FOLLOWING ARE THE ISSUES OF LAW TO BE TRIED AND DETERMINED UPON TRIAL:

A.   **STIPULATED ISSUES OF LAW:**

1. The Agreement is a valid and existing contract.

B.   **PLAINTIFF'S PROPOSED ISSUES OF LAW:**

1. Which provisions in the Agreement are enforceable, and which provisions are not enforceable?

2. What are the parties' rights and responsibilities under the Agreement?

3. Whether ESWLLC was permitted, pursuant to the Agreement, to change the technology of the unit and increase its price to its dealers as a "pass through" increase because of the technology change.

**Earth Smarte Water's Response:** The Court has already held that as a matter of law: The Agreement does not unambiguously prohibit price increases that resulted from improvements to technology. At a minimum, there is a **question of fact** about whether price increases resulting from technology improvements are direct increases or are otherwise allowed as a pass through under the Agreement. Tasty One presents no evidence justifying its

argument that the Agreement defines "direct increase" as one that is outside of ESWLLC's control. (ECF #83, pg. 8, lns 8-12).

4.      Whether price increases that result from improvements to technology constitute "direct increase in costs of material or components" and/or "pass through" increases under the Agreement.

> **Earth Smarte Water's Response:** The Court has already held that as a matter of law: The Agreement does not unambiguously prohibit price increases that resulted from improvements to technology. At a minimum, there is a **question of fact** about whether price increases resulting from technology improvements are direct increases or are otherwise allowed as a pass through under the Agreement. Tasty One presents no evidence justifying its argument that the Agreement defines "direct increase" as one that is outside of ESWLLC's control. (ECF #83, pg. 8, lns 8-12).

5.      Whether the Addendum to the Agreement re: Minimum Sales Quota provides that the sole remedy to ESWLLC in the event Tasty One fails to meet the minimum sales requirement is that Tasty One would "forfeit exclusivity" to Clark County.

> **Earth Smarte Water's Response:** The Court has already held that as a matter of law: The Agreement states that if Tasty One fails to meet the minimum sales requirements it will "forfeit exclusivity to" Clark County. *Id.* at 30. The Agreement does not unambiguously state that this is the sole remedy for this particular breach. (ECF #83, pg. 9, lns 6-8).

6.      Does ESWLLC labelling Tasty One as an "unauthorized dealer" constitute a breach of the Agreement if the addendum only provides that in the event Tasty One fails to meet the minimum sales requirement, it will "forfeit exclusivity" to Clark County?

> **Earth Smarte Water's Response:** The Court has already held that as a matter of law: Tasty One therefore has not demonstrated that ESWLLC's "unauthorized dealer" label breached the Agreement. Tasty One also has not demonstrated that it was damaged by ESWLLC's label. It does not demonstrate what, if any, consequences flowed from ESWLLC's email or that it lost credibility or goodwill from customers. (ECF #83, pg. 9, lns 8-12).

7.      Does ESWLLC's refusal to maintain the online sales portal constitute a breach of the Agreement when the addendum states that if Tasty One fails to meet the minimum sales requirement,

1   it will only "forfeit exclusivity" to Clark County?

2         **Earth Smarte Water's Response:** The Court has already held that as a matter of law:

3   Tasty One does not identify the Agreement provision requiring ESWLLC to maintain an

4   online sales portal, and it does not demonstrate that it lost customers' sales as a result of losing

5   access to the portal. Though Kaplan testified that he was reluctant to email sales directly to

6   ESWLLC after it closed its portal, Tasty One presented no evidence that closing the portal

7   actually caused lost sales. And though Tasty One presents its tax returns allegedly showing a

8   decrease in gross sales and a net loss for the first time in 2020, Tasty One has not causally

9   connected those to any of ESWLLC's alleged breaches. (ECF #83, pg. 9, lns 13-19).

10       8.    Whether the Agreement requires ESWLLC to provide warranty services to Tasty

11   One's customers when the Agreement states that although Tasty One was "responsible for providing

12   labor cost[s] associated with . . . [w]arranty services of ESWLLC's units," ESWLLC was to pay for

13   "[e]quipment replacement costs under the terms of the manufacturer's warranty."

14         **Earth Smarte Water's Response:** The Court has already held that as a matter of law:

15   The Agreement provides that Tasty One was "responsible for providing labor cost[s]

16   associated with . . . [w]arranty services of" ESWLLC's units, while ESWLLC was to pay for

17   "[e]quipment replacement costs under the terms of the manufacturer's warranty (Earth Smarte

18   Water, LLC)." *Id.* at 8. The Agreement unambiguously states that ESWLLC must pay for

19   equipment replacement costs under the manufacturer's warranty. But the Agreement is

20   ambiguous as to which party is responsible for facilitating customers' warranty claims.

21   Therefore, Tasty One has not demonstrated that ESWLLC's actions breached the Agreement.

22   And though Tasty One argues that ESWLLC's barriers to servicing the warranty damaged

23   Tasty One, Tasty One presents no evidence substantiating its claim that it suffered $12,500 in

24   unreimbursed warranty expenses. (ECF #83, pg. 10, lns 6-15)

25       9.    Whether ESWLLC's attempt to prematurely terminate the Agreement by intentionally

26   and fraudulently misrepresenting its insolvency prior to the 7-year expiration date of the Agreement

27   constitutes a breach of the Agreement, when the Agreement provides that ESWLLC can terminate the

28   Agreement upon Tasty One's dissolution but does not provide for ESWLLC's ability to terminate the

1 | Agreement based on its own dissolution.

2 | **Earth Smarte Water's Response:** The Court has already held that as a matter of law: Tasty One has not met its burden to identify where the Agreement provides that an attempt to terminate the Agreement through insolvency breaches the Agreement. Questions of fact remain, including whether ESWLLC's attempt to terminate the Agreement in this way violates the Agreement, whether the Agreement was terminated, and whether Tasty One was damaged as a result. (ECF #83, pg. 11, lns 2-8)

8 | 10. Whether ESWLLC's attempt to terminate the Agreement by intentionally and fraudulently misrepresenting its insolvency well before the expiration date of the Agreement constitutes a termination of the Agreement.

11 | **Earth Smarte Water's Response:** The Court has already held that as a matter of law: Tasty One has not met its burden to identify where the Agreement provides that an attempt to terminate the Agreement through insolvency breaches the Agreement. Questions of fact remain, including whether ESWLLC's attempt to terminate the Agreement in this way violates the Agreement, whether the Agreement was terminated, and whether Tasty One was damaged as a result. (ECF #83, pg. 11, lns 2-8).

17 | **C.** **DEFENDANT'S PROPOSED ISSUES OF LAW:**

18 | 1. Defendant addresses issues of law on pages 4-8 above, including price increases, premature termination, good faith and fair dealing regarding alleged insolvency, "unauthorized dealer" label, online product portal, warranty services, breach of implied covenant of good faith and fair dealing, and declaratory relief.

22 | 2. As addressed throughout this Joint Proposed Pretrial, the issues of law directly on point in this matter have already been decided by virtue of the June 9, 2022 Order, ECF #83. Trial should proceed on those issues of fact, this Court could not rule on directly from a review of the Agreement and evidence presented. The remaining issues are those of fact for the trier of fact.

26 | 3. Is Tasty One's material breach such that Earth Smarte would be excused from any further performance under the contract?

28 | The parties may be filing various motions in limine. As the motions in limine are filed, this

section of the Joint Pretrial Order will be amended accordingly.

## VIII.

## EXHIBITS

A.    **The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

The parties have conferred on multiple occasions regarding stipulations, and they anticipate that the Territory License Agreement and many other exhibits will be admitted into evidence by stipulation.  The parties will continued to work together in good faith to eliminate exhibits that will be unnecessary in light of evidentiary stipulations.

B.    **As to the following additional exhibits, the parties have reached the stipulations stated:**

1.    **Set forth stipulations as to Plaintiff's exhibits.**

| Exhibit Number | Bates No. | Exhibit Description | Date Offered | Objection | Date Admitted |
|---|---|---|---|---|---|
| | PLTF000001 | Correspondence dated March 25, 2020 to all Dealers from Law Office of Martin W. Saltzman P.C. in regards to DENCOH20, Inc. & Earth Smarte Water, LLC closing for business | | Stipulate | |
| | PLTF000150 | EarthSmarte Water Advertisement ("Deliver After March 12th") | | Stipulate | |
| | PLTF000152 | Certificate of Liability Insurance, dated April 28, 2020 | | Stipulate | |
| | PLTF000410 – PLTF000438 | EarthSmarte Water Territory License Agreement | | Stipulate | |
| | PLTF001215 – PLTF001382 | Various EarthSmarte Water of Las Vegas, and Pure Water Technology Ads | | Stipulate | |
| | PLTF002141 – PLTF002182 | Various EarthSmarte Water of Las Vegas Advertising Agreements with The Home Mag | | Stipulate | |
| | PLTF002189 – PLTF002190 | Certificate of Liability Insurance dated September 9, 2019 | | Stipulate | |

| | | | | | |
|---|---|---|---|---|---|
| | PLTF002191 | Certificate of Liability Insurance dated September 1, 2016 | | Stipulate | |
| | PLTF002192 | Certificate of Liability Insurance dated September 1, 2017 | | Stipulate | |
| | PLTF002193 | Certificate of Liability Insurance dated September 1, 2018 | | Stipulate | |
| | PLTF002194 | Certificate of Liability Insurance dated December 5, 2019 | | Stipulate | |
| | PLTF002195 | Certificate of Liability Insurance dated December 11, 2019 | | Stipulate | |
| | PLTF002196 | Certificate of Liability Insurance dated May 24, 2021 | | Stipulate | |
| | PLTF002197 – PLTF002203 | Ad Approval Emails and Attached Ads | | Stipulate | |
| | PLTF002204 – PLTF002213 | Refund Correspondence | | Stipulate | |
| | PLTF002214 – PLTF002215 | Tasty One Email to Terry Denton, dated September 24, 2019 | | Stipulate | |
| | PLTF002216 – PLTF002219 | Email exchange Terry Denton and Adam Kaplan September 11, 2019 | | Stipulate – see comment | |
| | PLTF002232 – PLTF002233 | Email from Tasty One to Terry Denton re: "Leaking Valve Issue," dated November 6, 2017 | | Stipulate | |
| | PLTF002234 – PLTF002236 | Email from Tasty One to Terry Denton re: "Descalers and Valve need warranty repair work" dated September 14, 2019 | | Stipulate | |
| | PLTF002237 – PLTF002250 | Email Correspondence Between Terry Denton and Earth Smarte Water of Las Vegas, dated December 8, 2017 | | Stipulate per comments | |
| | PLTF002255 – PLTF002256 | Email Correspondence re: "Dealer agreement," dated January 16, 2018 | | Stipulate | |
| | PLTF002260 – PLTF002263 | Email Correspondence re: "RED light," dated May 22, 2018 | | Stipulate | |
| | PLTF002264 – PLTF002271 | Email Correspondence re: Warranty Repair Work, dated September 14, 2019 | | Stipulate | |
| | PLTF002272 – PLTF002274 | Email Correspondence re: "Revised ad approval,' dated July 18, 2019 | | Stipulate | |

| | | | | | |
|---|---|---|---|---|---|
| | PLTF002275 – PLTF002276 | Email Correspondence re: "Revised ads for review," dated October 27, 2017 | | Stipulate | |
| | PLTF002277 – PLTF002278 | Email Correspondence re: "Teresa Togo Descaler Pic and Serial Number," dated December 8, 2017 | | Stipulate | |
| | PLTF002279 – PLTF002284 | Email Correspondence re: "UPS Delivery Notification," dated December 29, 2017 | | Stipulate | |
| | PLTF002285 – PLTF002286 | Email Correspondence re: "Warranty Card," dated December 27, 2017 | | Stipulate | |
| | PLTF002287 – PLTF002288 | Email Correspondence re: "Zepeda Descaler Pix and serial number," dated December 8, 2017 | | Stipulate | |
| | PLTF002296 – PLTF002301 | Various Ad Approval Emails with Ad Attachments | | Stipulate | |
| | PLTF002291 – PLTF002295 | Email Correspondence Between Terry Denton and Earth Smarte Water of Las Vegas, dated December 11, 2017 | | Stipulate | |
| | ESW0053 – ESW0055 | Waterflow Newsletter, dated September 1, 2018 | | Stipulate | |
| | ESW0085 – ESW0086 | Unauthorized Dealer Email, dated August 28, 2019 | | Stipulate | |
| | ESW0087 – ESW0098 | Email Correspondence re: Warranty Repair Work, dated September 14, 2019 | | Stipulate | |
| | N/A | Defendant's Responses to Plaintiff's First Set of Requests for Admission to Defendant Earth Smarte Water, LLC D/B/A DencoH20, LLC | | Stipulate | |
| | N/A | Defendant's Amended Responses to Plaintiff's First Set of Requests for Production of Documents to Defendant Earth Smarte Water, LLC D/B/A DencoH20, LLC | | Stipulate | |
| | N/A | Defendant's Responses to Plaintiff's First Set of Interrogatories to Defendant Earth Smarte Water, LLC D/B/A DencoH20, LLC | | Stipulate | |
| | PLTF 2254 | Email dated January 16, 2018 between Denton and A. Kaplan | | Stipulate | |

**2.**     **Set forth stipulations as to Defendant's exhibits.**

| Exhibit Number | Bates No. | Exhibit Description | Date Offered | Objection | Date Admitted |
|---|---|---|---|---|---|
| | ESW0031 | Letter dated September 18, 2018, regarding the impending price increase from Krystal Clear Water to Terry Denton at Earth Smarte Water | | Stipulate | |
| | ESW0032 | Undated letter from Krystal Clear Water explaining the $20.00 price increase on the Descaler product due to the tariffs placed on imported products from China | | Stipulate | |
| | ESW0053-0054 | DenCoH20 Waterflow Newsletter for September 2018 | | Stipulate | |
| | ESW0056-0058 | DenCoH20 Waterflow Newsletter for October 10, 2018 | | Stipulate | |
| | ESW0060 | March 13, 2020, letter from Nelson Corporation regarding price increases due to tariffs and Vortech technology | | Stipulate | |
| | ESW0061 | Email dated March 9, 2020, from Royal Metal regarding price  increases due to tariffs | | Stipulate | |
| | ESW0062-0063 | March 30, 2020 letter from Terry Denton to Mike Kaplan | | Stipulate | |
| | ESW0069-0071 | Letter dated May 2, 2020, from Earth Smarte's former attorney Saltzman to Tasty One's attorney regarding the low order numbers | | Stipulate | |
| | N/A | Defendant's Amended Answers to Tasty One, LLC dba Earth Smart Water of Las Vegas' Second Set of Requests for Production of Documents (8/16/2021) | | Stipulate | |
| | N/A | Defendant's Answers to Plaintiff's First Set of Interrogatories (3/8/2021) | | Stipulate | |

| | N/A | Defendant's Answers to Plaintiff's First Set of Requests for Admission (2/11/2021) | | Stipulate | |
| | N/A | Defendant's Answers to Tasty One, LLC dba Earth Smart Water of Las Vegas' Second Set of Requests for Production of Documents (7/16/2021) | | Stipulate | |
| | N/A | Defendant's Answers to Plaintiff's First Set of Requests for Production of Documents (3/8/2021) | | Stipulate | |

C.    **The parties intend to offer the following exhibits into evidence in this case, subject to the objections of the parties (as stated below):**

| Exhibit Number | Bates No. | Exhibit Description | Date Offered | Objection | Date Admitted |
|---|---|---|---|---|---|
| | PLTF000002 – PLTF000004 | Correspondence dated April 10, 2020 to the Law Office of Martin W. Saltzman P.C. and DENCOH20, Inc. & Earth Smarte Water, LLC from Maier Gutierrez & Associates in regards to dissolution of contractual relationship | | Object: Relevance Hearsay Settlement discussion | |
| | PLTF000036 – PLTF000038 | Correspondence dated April 21, 2020 to Maier Gutierrez & Associates from the Law Office of Martin W. Saltzman P.C. in regards to agreement | | Object: Relevance Hearsay Settlement discussion | |
| | PLTF000039 – PLTF000044 | Correspondence dated April 23, 2020 to the Law Office of Martin W. Saltzman P.C. and DENCOH20, Inc. & Earth Smarte Water, LLC from Maier Gutierrez & Associates in regards to email to Mike Kaplan on April 17, 2020 | | Object: Relevance Hearsay Settlement discussion Incomplete document | |

| | PLTF000076– PLTF000078 | Correspondence dated May 1, 2020 to the Law Office of Martin W. Saltzman P.C. and DENCOH2O, Inc. & Earth Smarte Water, LLC from Maier Gutierrez & Associates in regards to resolution proposal | | Object: Relevance Hearsay Settlement discussion Incomplete document | |
| | PLTF002183 – PLTF002188 | Various EarthSmarte Water of Las Vegas Advertising Agreements with HomeConcepts | | Relevance Hearsay Authenticati on/ foundation | |
| | PLTF002252 – PLTF002253 | Email Correspondence re: upset customer, dated April 19, 2018 | | Relevance | |
| | PLTF002304 – PLTF002307 | Tasty One Schedule C tax forms 2017 – 2020 | | Hearsay Foundation Relevance Federal Rules of Evidence 403 – Unfair Prejudice | |
| | | E. Allan Horner CWS-VI, CI Expert Report | | Relevance Hearsay Competence Foundation | |

### 1.    Defendant's Exhibits with Plaintiff's Objections:

| Exhibit Number | Bates No. | Exhibit Description | Date Offered | Objection | Date Admitted |
|---|---|---|---|---|---|
| | ESW0001-0030 | Territory Licensing Agreement dated January 4, 2017 | | Objection: incomplete document | |
| | ESW0033-0050 | Invoices from Krystal Klear Water Enterprises from March 26, 2018; August 29, 2018; October 9, 2018; November 19, 2018; January 15, 2019; and January 30, 2019 showing the $20.00 manufacturing increase beginning in November 2018 | | Objection: Relevance 401 (a)(b), authenticity, foundation. | |
| | ESW0051-0052 | DenCoH2O Waterflow Newsletter for August 2018 | | Objection - Relevance 401 (a)(b), | |

| | ESW0068 | Email dated April 27, 2020, from Tracy Lavenant regarding Las Vegas' low order numbers for 2019 | | Objection - Relevance 401 (a)(b), authenticity, foundation. | |
|---|---|---|---|---|---|
| | ESW0083-0086 | Email correspondence between Terry Denton to Adam Kaplan | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), | |
| | ESW0087-0095 | September 14, 2019 email correspondence between Terry Denton to Adam Kaplan with photos | | Objection: not properly disclosed under FRCP 26(a) | |
| | ESW0096-0101 | Email correspondence between Terry Denton to Adam Kaplan with photos | | Objection: not properly disclosed under FRCP 26(a) | |
| | ESW0102-0103 | March 14, 2020 email correspondence between Terry Denton to Adam Kaplan | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), | |
| | ESW0104-0106 | Documents regarding Tasty One's unauthorized use of Earth Smarte's order forms | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b) | |
| | ESW0111-0112 | Email correspondence between Terry Denton to Judy Stallings | | Objection: not properly disclosed under FRCP 26(a) | |
| | ESW0107-0110 | February 11, 2021 letter from Nelson Corporation regarding Tasty One's orders for 2020 | | Objection: not properly disclosed under FRCP 26(a) | |
| | ESW0113-0166 | Tasty One's unapproved advertising | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), | |

| | | | | | |
|---|---|---|---|---|---|
| | ESW0167-0168 | Certificate of Insurance | | Objection: not properly disclosed under FRCP 26(a) | |
| | ESW0169-0259 | Documents regarding leads sent to Tasty One from Earth Smarte's national website | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b) | |
| | ESW0260-0281 | Documents regarding advertising or promotion of "Counter-claimants national website" | | Objection: not properly disclosed under FRCP 26(a); | |
| | ESW0282-0283 | Chart of Dealer issues | | Objection: not properly disclosed under FRCP 26(a); | |
| | ESW0284-0285 | August 6, 2021 letter from Krystal Klear Water to Terry Denton | | Objection: not properly disclosed under FRCP 26(a) | |
| | ESW0286 | Undated letter from Krystal Klear Water to Terry Denton | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), authenticity, foundation. | |
| | ESW0287 | September 5, 2018 letter from Krystal Klear Water to Earth Smarte Water | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), authenticity, foundation. | |
| | ESW0288-0289 | September 18, 2018 letter Krystal Klear Water to Terry Denton | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), authenticit, foundation. | |

| | ESW0290-1053 | Documents regarding the purchases of components, equipment, and/or materials used in the manufacture of DenCo water filtration systems | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), authenticity, foundation. | |
|---|---|---|---|---|---|
| | ESW1054-1553 | Documents related to all dealers or licensees of the Earth Smarte Water | | Objection: not properly disclosed under FRCP 26(a); Relevance 401 (a)(b), authenticity, foundation. | |
| | PLTF 2222-2227 | Email from Mike Kaplan | | Objection: 2222 Attorney client privilege | |

Tasty One has the burden of proof to establish that:

1)      The Agreement defines a "direct increase" as one that is only outside of ESWLLC's control; and

2)      Tasty One sustained damages that can be calculated by other documents than its taxes returns as this Court has already held that the tax returns did not establish damages causally related to any alleged breach.

To date, no evidence has been presented that establishes Tasty One will be able to meet its burden of proof on these two issues. Earth Smarte anticipates motion practice on these two issues, including Motion in Limines will be necessary.

**D.      ELECTRONIC EVIDENCE:**

1.      Plaintiff does not anticipate presenting evidence in electronic form at this time. Plaintiff's counsel will utilize trial presentation software and/or the courtroom evidence display equipment system (overhead projector) to display paper exhibits to the jury during trial.  Plaintiff's counsel's office will contact the Courtroom Administrator prior to Calendar Call consistent with Judge Andrew P. Gordon's Order Regarding Trial (standing order).

2.      Defendant does not anticipate presenting evidence in electronic form at this

time.  Defendant's counsel will utilize trial presentation software and/or the courtroom evidence display equipment system (overhead projector) to display paper exhibits to the jury during trial. Defendant's counsel's office will contact the Courtroom Administrator prior to Calendar Call consistent with Judge Andrew P. Gordon's Order Regarding Trial (standing order).

      **E.**      **DEPOSITIONS:**

The parties anticipate using live witness testimony in lieu of deposition testimony unless a witness is, or becomes, unavailable.

      **F.**      **OBJECTIONS TO DEPOSITIONS**:

The parties reserve all objections to the use of depositions testimony at trial at this time.

**IX.**

**THE FOLLOWING WITNESSES MAY BE CALLED BY THE PARTIES UPON TRIAL:**

      **A**      **Plaintiffs' Witnesses**:

1.      NRCP 30(b)(6) witness and/or designee
Tasty One, LLC d/b/a Earth Smarte Water of Las Vegas
c/o Jean-Paul Hendricks, Esq.
Joseph A. Gutierrez, Esq.
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 629-7900

2.      Adam Kaplan
c/o Jean-Paul Hendricks, Esq.
Joseph A. Gutierrez, Esq.
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 629-7900

3.      Mike Kaplan
c/o Jean-Paul Hendricks, Esq.
Joseph A. Gutierrez, Esq.
MAIER GUTIERREZ & ASSOCIATES
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
(702) 629-7900

/ / /

/ / /

/ / /

4.  NRCP 30(b)(6) witness and/or designee
    Earth Smarte Water, LLC d/b/a DENCOH20
    c/o John P. Aldrich, Esq.
    ALDRICH LAW FIRM, LTD.
    7866 W. Sahara Avenue
    Las Vegas, Nevada 89117
    (702) 853-5490

5.  Walt Kemmer
    c/o Jean-Paul Hendricks, Esq.
    Joseph A. Gutierrez, Esq.
    MAIER GUTIERREZ & ASSOCIATES
    8816 Spanish Ridge Avenue
    Las Vegas, Nevada 89148
    (702) 629-7900

6.  Mackenzie Davis
    c/o Jean-Paul Hendricks, Esq.
    Joseph A. Gutierrez, Esq.
    MAIER GUTIERREZ & ASSOCIATES
    8816 Spanish Ridge Avenue
    Las Vegas, Nevada 89148
    (702) 629-7900

7.  E. Allen Horner
    c/o Jean-Paul Hendricks, Esq.
    Joseph A. Gutierrez, Esq.
    MAIER GUTIERREZ & ASSOCIATES
    8816 Spanish Ridge Avenue
    Las Vegas, Nevada 89148
    (702) 629-7900

**B.**   **The following witnesses will be called at trial by Defendant in its case in chief**:

1.  Terry Denton
    c/o Aldrich Law Firm, Ltd.
    7866 West Sahara Avenue
    Las Vegas, Nevada 89117

2.  Adam Kaplan
    c/o Maier Gutierrez & Associates
    8816  Spanish Ridge Avenue
    Las Vegas, Nevada 89148

4.  Mike Kaplan
    c/o Maier Gutierrez & Associates
    8816 Spanish Ridge Avenue
    Las Vegas, Nevada 89148

/ / /

4.    Person(s) Most Knowledgeable for Royal Metal Building Components
      2031 Amistad Drive
      San Benito, TX 78586
      (956) 399-2271

5.    Tracy Lavenant
      Nelson Corporation
      3250 Barber Road
      Norton, OH 442030
      800-362-9686

6.    Person(s) Most Knowledgeable for Krystal Klear Water Enterprises
      8829 Main Street
      Williamsville NY 14221
      716-332-4400

## X.

## PROPOSED TRIAL SETTINGS

Given multiple scheduling conflicts between the parties due to travel, trials, prescheduled vacations for parties and/or witnesses, and in order to allow adequate time for the parties to participate in a settlement conference, and receive rulings on pretrial motions, the parties propose the following trial dates:

1.    Monday June 26, 2023

2.    Monday July 17, 2023

3.    Monday August 21, 2023

It is expressly understood by the undersigned that the Court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the Court's calendar.

The parties anticpate that based on the anticipated motion practice on the issues and the Motion in Limines, that it will not be ready for Trial until June 2023.

/ / /

/ / /

/ / /

/ / /

/ / /

## XI.

### PROPOSED TRIAL LENGTH

It is estimated that the trial herein will take a total of 5 days.

APPROVED AS TO FORM AND CONTENT:

DATED this 4th day of November, 2022.

DATED this 4th day of November, 2022.

**MAIER GUTIERREZ & ASSOCIATES**

**ALDRICH LAW FIRM, LTD.**

*/s/ Jean Paul Hendricks*

*/s/ John P. Aldrich*

JOSEPH A. GUTIERREZ, ESQ.
Nevada Bar No. 9046
JEAN-PAUL HENDRICKS, ESQ.
Nevada Bar No. 10079
8816 Spanish Ridge Avenue
Las Vegas, Nevada 89148
*Attorneys for Plaintiff/Counterdefendant
Tasty One, LLC d/b/a Earth Smarte Water
of Las Vegas*

JOHN P. ALDRICH, ESQ.
Nevada Bar No. 68777866 West Sahara Avenue
Las Vegas, Nevada 89117
*Attorneys for
Defendants/Counterclaimants/Third-Party
Plaintiffs Earth Smarte Water, LLC d/b/a
DENCOH20, LLC*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# XI.

## ACTION BY THE COURT

This case is set for Bench Trial on the June 26, 2023 trial stack at 9:00 a.m. in Courtroom 6C.

Calendar call shall be held on June 23, 2023 at 9:00 a.m. in Courtroom 6C.

~~(b)     An original and two (2) copies of each trial brief shall be submitted to the Clerk on or before _____.~~

~~(c)     Jury trials:~~

~~(1)     An original and two (2) copies of all instructions requested by either party shall be submitted to the Clerk for filing on or before _____.~~

~~(2)     An original and two (2) copies of all suggested questions of the parties to be asked of the jury panel by the Court on *voir dire* shall be submitted to the Clerk for filing on or before _____.~~

~~(d)     Court trials:~~

~~Proposed findings of fact and conclusions of law shall be filed on or before _____.~~

~~The foregoing pretrial order has been approved by the parties to this action as evidenced by the signatures of their counsel hereon, and the order is hereby entered and will govern the trial of this case.  This order shall not be amended except by order of the Court pursuant to agreement of the parties or to prevent manifest injustice.~~

DATED this 7th day of November, 2022.

_____
U.S. DISTRICT JUDGE

33