UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TASTY ONE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EARTH SMARTE WATER, LLC,<br><br>    Defendant. | Case No. 2:20-cv-01625-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 99, 100] |

Pending before the Court is Defendant's motion to reopen discovery. Docket No. 99. Plaintiff filed a response, Docket No. 108, and Defendant filed a reply, Docket No. 110. Also pending before the Court is Defendant's motion to de-designate documents. Docket No. 100. Plaintiff filed a response, Docket No. 109, and Defendant filed a reply, Docket No. 109. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons more fully discussed below, Defendant's motion to reopen discovery is **GRANTED**, Docket No. 99, and Defendant's motion to de-designate documents is **DENIED** without prejudice, Docket No. 100.

**I.    BACKGROUND**

Plaintiff alleges that Defendant breached a territory licensing agreement between the parties. *See* Docket No. 1 at 7-9. This case was filed in state court on July 17, 2020. *Id.* at 6. Defendant removed the case to this Court on September 2, 2020. *Id.* at 1-3. On January 21, 2021, Craig W. Broadbent was granted permission to practice *pro hace vice* in this case and John P. Aldrich was appointed local counsel. Docket No. 22. Although Mr. Aldrich filed the notice of removal and signed early documents in this case, Defendant submits that, "[o]nce Mr. Broadbent was admitted *pro hac vice*, Mr. Aldrich had very limited involvement in this case because [Defendant] did not want to duplicate work or have unnecessary attorneys' fees." Docket No. 99 at 3. Discovery closed in this case on July 30, 2021. Docket No. 18 at 2. Trial is currently set for

June 26, 2023, Docket No. 97, and there is a settlement conference scheduled for April 4, 2023, Docket No. 98.

On September 2, 2022, Defendant filed a notice of suspension, alerting the Court that Mr. Broadbent had been suspended from the practice of law by the State Bar of Arizona. Docket No. 91. Mr. Broadbent was suspended for, among other reasons, failing to communicate with his clients and failing to diligently pursue his clients' cases. Docket No. 101 at 14. Defendant submits that it did not learn of the lack of discovery conducted in this case until Mr. Aldrich resumed acting as lead counsel and reviewed the proposed amended joint pretrial order. Docket No. 99 at 4-5. Defendant further submits that it believed the discovery it is now requesting permission to conduct had already been completed by Mr. Broadbent. *Id.* at 5.

## II. DEFENDANT'S MOTION TO REOPEN DISCOVERY

Defendant's motion asks the Court to reopen discovery for 60 days for the limited purposes of deposing certain specified individuals and providing additional supplemental disclosures identifying documents to be used at trial.[1] *Id.* at 1-2.

A request to reopen discovery must be supported by a showing of good cause and excusable neglect. Local Rule 26-3; Fed. R. Civ. P. 6(b)(1)(B). The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The showing of diligence is measured by the movant's conduct throughout the entire period of time already allowed. *CC.Mexicano.US, LLC v. Aero II Aviation, Inc.*, 2015 U.S. Dist. LEXIS 169110, at *11-12 (D. Nev. Dec. 15, 2015). The excusable neglect "determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). Factors courts may consider when evaluating excusable neglect include (1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay

---

[1] The confidentiality designation of documents may be challenged at any time during a case. Accordingly, the Court declines to address Defendant's request to extend discovery to allow it to challenge Plaintiff's confidentiality designations of certain documents.

and, (4) whether the movant acted in good faith. *Id.* Further, when determining whether to reopen discovery, courts should

> consider the following factors: 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (internal citation omitted).

Defendant submits that it has shown both good cause and excusable neglect. Docket No. 99 at 6. Defendant submits that, because its principal officer believed Mr. Broadbent was handling this case properly, excusable neglect is present here. *Id.* Plaintiff submits that it would experience prejudice if discovery were reopened, and that Mr. Broadbent's malpractice does not constitute excusable neglect. Docket No. 108 at 3. Plaintiff further submits that Defendant's motion is an "improper fishing expedition" and that Defendant "has failed to allege any good faith basis to reopen discovery." *Id.*

Plaintiff emphasizes that United States District Judge Andrew P. Gordon denied a prior request from Defendant to extend discovery. *Id.* at 11-12. *See also* Docket No. 70 (Defendant's motion). Defendant submitted its previous request as a Federal Rule of Civil Procedure 56(d) motion to defer Judge Gordon's ruling on Plaintiff's then-pending motion for summary judgment. *See* Docket No. 70. The prior motion's basis was that Defendant had not received certain documents from Plaintiff. *See* Docket No. 78 at 2. Judge Gordon denied that motion because Defendant had, in fact, "already received the documents that formed the basis for its motion." *Id.* at 3. Judge Gordon did note that discovery had already closed. However, he did so to address Defendant's argument that he should delay ruling on the then-pending motion for summary judgment to allow Defendant time to complete additional depositions. *See id.* Here, Defendant's motion does not ask the Court to defer judgment on any other pending motion. Additionally, a motion to reopen discovery can only be filed after discovery has closed, whereas a motion to extend discovery must be filed before the applicable period expires. The motions are substantively

different. The facts accompanying Judge Gordon's previous order and the instant motion are also substantively different. At the time of Defendant's previous request, Mr. Broadbent was still counsel on this case. Indeed, he was the one who filed the previous extension request. However, his failure to conduct discovery was not known to Defendant at the time. Moreover, the extent of Mr. Broadbent's misconduct was not previously before the Court. Now, however, Defendant is aware of Mr. Broadbent's failings and the Court is aware of his suspension.

The Court finds that reopening discovery for the limited purposes Defendant requests is appropriate in this case. Trial in this case is currently set for June 26, 2023. Docket No. 97. However, the 60-day discovery period sought by Defendant will leave almost three months between the close of the reopened discovery period and trial. Further, the discovery period will close before the settlement conference scheduled for April 4, 2023. Reopening discovery in this case will not, therefore, delay any judicial proceedings.

The Court further finds that reopening discovery in this case will not result in substantial prejudice to Plaintiff. Plaintiff submits that it will experience prejudice if discovery is reopened because "doing so would essentially restart this case" and because the Court has already granted Plaintiff partial summary judgment based on the then-completed discovery. Docket No. 108 at 9. Reopening discovery under these circumstances, however, does not "restart the case." Reopening discovery only allows for further fact gathering and exchanging of information between the parties. As to the prior summary judgment order, Defendant is not bringing a motion to set aside that order under Federal Rule of Civil Procedure 60(b). Rather, Defendant submits that the sought discovery "relates specifically to Plaintiff's claims against Defendant and Defendant's defenses to those claims." Docket No. 110 at 3 (emphasis omitted). Defendant seeks discovery to prepare for matters yet to be adjudicated and not to relitigate issues already adjudicated. Further, the specific discovery to be conducted is not prejudicial to Plaintiff. Mike Kaplan and Adam Kaplan are witnesses for Plaintiff and Plaintiff presumably already knows their testimony. *See* Docket. No. 97 at 29. Further, as Defendant observes, the depositions of the third-party witnesses may produce evidence that is relevant to either party's claims or defenses.

Plaintiff cites numerous cases for the proposition that local counsel and *pro hac vice* counsel are bound by each other's actions and, therefore, Mr. Broadbent's malpractice does not constitute excusable neglect. Docket No. 108 at 13-15. Defendant attempts to distinguish these cases from the facts of the instant dispute. Docket No. 110 at 10-13. The Court has reviewed the cases and finds them to be unpersuasive. Plaintiff first cites *Ortiz v. Barrett*, 278 S.E.2d 833, 838 (Va. 1981), for the proposition that "[l]ocal counsel owes a duty to the client and can be liable to the client for negligence." Docket No. 108 at 14. Plaintiff omits, however, that the *Ortiz* court limited local counsel's duty, and, by extent, liability "to the work assigned to him" by *pro hac vice* counsel. 278 S.E.2d at 838. Here, the record reflects that Mr. Broadbent assigned no work to Mr. Aldrich and took primary responsibility for the case.

*Ingemi v. Pelino & Lentz*, 866 F. Supp. 156 (D.N.J. 1996), does involve local counsel that failed to adequately supervise *pro hac vice* counsel. The *Ingemi* court based its holding on that court's local rules, which required local counsel to sign all filings, appear in court for all proceedings, and otherwise actively supervise *pro hac vice* counsel. *Id.* at 161-62. This Court's Local Rules, however, require only that local counsel have the authority to sign binding stipulations. Local Rule IA 11-2(d). Directly contrary to the applicable rule in *Ingemi*, local counsel in this Court "need not personally attend all proceedings in court." *Id.* Because of the differing obligations imposed on local counsel by this Court's Local Rules and applicable rules in *Ingemi*, the Court finds *Ingemi* to be unpersuasive.

The Court further finds *Itel Containers Int'l Corp. v. Puerto Rico Mgmt., Inc*, 108 F.R.D. 96 (D.N.J. 1985), is distinguishable. *Itel* involved local counsel that proactively participated in litigation throughout the entire case, and even signed some of the sanctionable filings. *Id.* at 102-03. In the instant case, the record reflects that Mr. Aldrich did not actively file any documents with the Court from the time Mr. Broadbent first appeared until Mr. Broadbent had been suspended. *See* Docket; Docket No. 108 at 14 n.93. Further, a review of certain discovery-related communications in this case reveals that Mr. Broadbent's firm alone actively participated for Defendant. *See* Docket No. 71-1. Indeed, Plaintiff itself declined to serve the documents that are the subject of both this motion and the contemporaneously filed motion to de-designate documents

5

on Mr. Aldrich.  *See* Docket Nos. 110 at 4, 71-1 at 59.  Since Mr. Aldrich was not himself involved in the underlying problematic conduct in this case, the Court finds *Itel* to be unpersuasive.

The remainder of the cases Plaintiff cites for the proposition that Mr. Aldrich is responsible for Mr. Broadbent's conduct are also unpersuasive.  Unlike *Gould, Inc. v. Mitsui Mining & Smelting Co.*, 738 F. Supp. 1121 (N.D. Ohio 1990), this case does not involve a determination of whether counsel is conflicted.  *Neel v. Magana, Olney, Levy, Cathcart & Gelfand*, 491 P.2d 421 (Cal. 1971), does reference a negligent act by local counsel.  *Id.* at 422.  Beyond referencing that local counsel failed to properly serve a complaint, the case does not substantively discuss the sharing of duties and liability between local counsel and *pro hac vice* counsel.  The *Neel* court instead discusses when a cause of action for legal malpractice accrues, and is, therefore, not relevant to the instant dispute.  Finally, the court in *Wildermann v. Wachtell*, 267 N.Y.S. 840 (N.Y. Sup. Ct. 1933), *affirmed* 271 N.Y.S. 954 (N.Y. App. Div. 1934), found that a New York attorney was not liable for the failings of a Pennsylvania attorney, even though the former recommended the latter to the client.  *Wildermann*, therefore, seems to stand for the proposition that in-state counsel can be held not liable for the actions of out-of-state counsel.

The case law Plaintiff cites does not support the proposition that Mr. Aldrich must be held responsible for Mr. Broadbent's actions.  The Court, however, must still consider the fact that Mr. Broadbent's actions are the reason for the delay.  Mr. Aldrich is counsel of record in this case, which imposes certain duties on him.  Although parties to a case do not have the same obligations to the Court as attorneys, it can be assumed that they want to see their case prosecuted expeditiously and will take steps to ensure that happens.  The fact that Mr. Broadbent's conduct went unnoticed for so long is therefore concerning.  However, Mr. Broadbent was suspended from the practice of law for a variety of reasons.  Among them was failure to prosecute his clients' cases.  The record of this case supports that allegation.  Importantly, Mr. Broadbent was also suspended for failing to communicate with his clients.  Defendant's principal has attested that Mr. Broadbent did not disclose his failure to conduct discovery or his filing of the previous motion seeking an extended discovery period.  Docket No. 102 at 2.

6

Defendant is not attempting to reopen already adjudicated matters. It is, instead, asking to conduct limited discovery to prepare for matters yet to be adjudicated. Mr. Broadbent was suspended from the practice of law for professional conduct violations equivalent to the conduct Defendant now seeks to remedy. Defendant's trust in Mr. Broadbent, however misguided or misplaced, "does not merit a harsh penalty, particularly given 'the public policy favoring disposition of cases on their merits.'"[2] *Tillman v. Tillman*, 825 F.3d 1069, 1074 (9th Cir. 2016) (quoting *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002)).

Accordingly, the Court finds that a limited reopened discovery period is appropriate in this case.

### III. DEFENDANT'S MOTION TO DE-DESIGNATE DOCUMENTS

Defendant's motion asks the Court to remove the "Highly Confidential – Attorney's Eyes Only" designation from 320-plus documents Plaintiff disclosed to Defendant. Docket No. 100 at 1-3. Defendant submits that the relevant documents are primarily invoices and summaries of transactions. *Id.* at 2-3. Plaintiff does not dispute this characterization. Plaintiff does, however, submit that the documents nonetheless contain highly confidential information. Docket No. 107 at 17-19. Neither party submitted the disputed documents to the Court for its review. "[T]he Court cannot rely on parties' descriptions or arguments in determining whether the [documents] are properly designated as confidential." *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2020 WL 8771655, *3 (D. Nev. 2020). Thus, the Court will deny Defendant's motion to de-designate documents without prejudice.

### III. CONCLUSION

For the reasons more fully discussed above, Defendant's motion to reopen discovery is **GRANTED** for the limited purposes of Defendant's conducting depositions of Adam Kaplan, Mike Kaplan, James Bailey, Eric Leufroy, and Elizabeth Mauro and supplemental disclosures

---

[2] Mr. Broadbent's failure to adequately conduct discovery may have contributed to Defendant's counterclaims being dismissed for lack of evidence. *See* Docket No. 84 at 1. Defendant, therefore, may have already suffered a harsh penalty because of Mr. Broadbent's actions.

7

identifying additional documents to be used at trial. Docket No. 99. All remaining discovery must be completed no later than March 21, 2023.

Further, for the reasons more fully discussed above, Defendant's motion to de-designate documents is **DENIED** without prejudice. Docket No. 100. Any renewed motion must attach the documents whose designations are being challenged and must be filed no later than February 3, 2023.

IT IS SO ORDERED.

Dated: January 20, 2023

Nancy J. Koppe
United States Magistrate Judge