UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TASTY ONE, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>EARTH SMARTE WATER, LLC,<br><br>    Defendant. | Case No. 2:20-cv-01625-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 112, 115, 120] |

Pending before the Court is Defendant's renewed motion to de-designate documents. Docket No. 112. Plaintiff filed a response, Docket No. 116, and Defendant filed a reply, Docket No. 119. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons more fully discussed below, Defendant's renewed motion to de-designate documents is **GRANTED**.

**I.  BACKGROUND**

On September 14, 2021, the Court entered a protective order. Docket No. 66. Under the protective order either party can designate documents disclosed during discovery as "Highly Confidential – Attorney's Eyes Only" or "Confidential." *Id.* at 2. Either designation imposes limitations on how the disclosed documents may be used and who may access them. *Id.* The protective order allows any party to challenge a document's confidentiality designation. *Id.* at 7.

On September 28, 2021, two months after discovery closed in this case, Plaintiff disclosed approximately 395 pages of documents to Defendant designated as "Highly Confidential – Attorney's Eyes Only" ("disputed documents"). Docket No. 112 at 2. On November 18, 2022, Defendant moved to reopen discovery and to remove the "Highly Confidential – Attorney's Eyes Only" designation from the disputed documents disclosed by Plaintiff. Docket Nos. 99, 100. The Court granted Defendant's motion to reopen discovery but denied the motion to remove the "Highly Confidential" designation without prejudice because neither party provided the disputed

1

documents to the Court for its review. Docket No. 111. On February 3, 2023, Defendant filed the current renewed motion to de-designate documents. Docket No. 112.

Prior to filing the renewed motion, the parties met and conferred about possible ways to resolve their dispute without further Court intervention. Docket No. 116 at 5-6. As a result of that meet and confer process, Plaintiff decided to redesignate the documents as "Confidential" and disclosed them with any relevant customer information redacted on February 3, 2023.[1] *Id.*

## II.   DEFENDANT'S MOTION TO DE-DESIGNATE DOCUMENTS

Defendant's motion asks the Court to remove the "Highly Confidential – Attorney's Eyes Only" designation from approximately 395-pages of documents Plaintiff disclosed to Defendant. Docket No. 112 at 2-3. The documents are primarily invoices and summaries of invoices for sales of water filtration systems by Plaintiff. *Id.*; *see also* Docket Nos. 114-1, 114-2, 114-3. Defendant submits that the "Highly Confidential" designation should be removed because the documents primarily pertain to individuals who are joint customers of Plaintiff and Defendant and the designation is frustrating Defendant's counsel's ability to communicate with Defendant and investigate the case. Docket No. 112 at 9-10. Plaintiff submits that the "Highly Confidential" designation is appropriate to protect its confidential trade information and to prevent Defendant from interfering in Plaintiff's relationship with its customers. Docket No. 116 at 12-15.

Although "courts generally make a finding of good cause before issuing a protective order, a court need not do so" when the parties stipulate to the order. *In re Roman Catholic Archbishop of Portland in Or.*, 661 F.3d 417, 424 (9th Cir. 2011). Blanket protective orders, such as the protective order in this case, "are inherently subject to challenge and modification, as the party resisting disclosure has not made a particularized showing of good cause with respect to any individual document." *San Jose Mercury News, Inc. v. U.S. Dist. Ct. – N. Dist. (San Jose)*, 187

---

[1] Plaintiff submits that redesignating the documents and disclosing them with any relevant customer information redacted moots the instant motion. Docket No. 116 at 7-8. Defendant submits that the motion is not moot because the disputed documents should have never been designated under either confidentiality designation. Docket No. 119 5-6. Defendant further submits that the motion is not moot because the redacted documents are "'Swiss Cheese' (that is, documents with no pertinent information)." *Id.* at 6 (quoting Docket No. 107 at 8 (Plaintiff's response to initial motion to de-designate documents)). Since Defendant still challenges the confidentiality designation of the documents, the Court finds that the motion is not moot.

2

F.3d 1096, 1103 (9th Cir. 1999) (citing *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992); *see also* Docket No. 66 (protective order). "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation." *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 214 F.R.D. 583, 586 (C.D. Cal. 2003) (quoting *Beckman*, 966 F.2d at 475). Consequently, a designating party can only prove good cause exists to retain a document's confidentiality designation by "showing specific prejudice or harm will result" if the designation is removed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) (citing *Beckman*, 966 F.2d at 476; *San Jose Mercury News*, 187 F.3d at 1102).

When a party challenges a confidentiality designation, the court conducts a two-step analysis. *Todd v. Tempur-Sealy Intn'l, Inc.*, 2015 WL 1006534, *2 (N.D. Cal. 2015). "First, it must determine whether a particularized harm will result from disclosure of the information from the public." *Id.* (quoting *Roman Catholic Archbishop*, 661 F.3d at 424). As mentioned above, any allegations of harm resulting from a potential disclosure must be specific and particularized. "Second, if the court concludes that such harm will result from the disclosure of the discovery documents, then it must proceed to balance the public and private interest to decide whether maintaining" the confidentiality designation is appropriate. *Id.* "The Ninth Circuit has directed courts doing this balancing to consider the factors identified in *Glenmede Trust Co. v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995)." *Universal Ent. Corp. v. Aruze Gaming Am., Inc.*, 2020 WL 8771655, *2 (D. Nev. 2020) (internal quotation omitted). The *Glenmede Trust* factors to be considered when evaluating whether good cause exists to keep a document protected are:

> "1) whether disclosure will violate any privacy interests; 2) whether the information is being sought for a legitimate purpose or for an improper purpose;  3) whether disclosure of the information will cause a party embarrassment; 4) whether confidentiality is being sought over information important to public health and safety; 5) whether the sharing of information among litigants will promote fairness and efficiency; 6) whether a party benefitting from the order of confidentiality is a public entity or official; and 7) whether the case involves issues important to the public."

56 F.3d at 483. The Court will apply these factors in determining whether the challenged documents are properly designated.

Plaintiff submits that it will be harmed if the "Highly Confidential" designation is removed from the unredacted documents because Defendant will be able to use the information within them to gain a competitive advantage over Plaintiff. Docket No. 116 at 14-15. Plaintiff further submits that removing the "Highly Confidential" designation from the challenged documents will allow Defendant to interfere in Plaintiff's relationships with its vendors and customers. *Id.* at 15-17. Defendant submits that the disputed documents are from a time when Defendant and Plaintiff were operating under a territory license agreement and that, because of this, the customers on the invoices are customers of Defendant as well as Plaintiff. Docket No. 112 at 9-10. Defendant further submits that the only reason it is seeking to remove the "Highly Confidential" designation is to more fully investigate Plaintiff's claims. Docket No.119 at 12-13. Plaintiff at no point disputes Defendant's description of the relevant documents. *See* Docket Nos. 112, 116.

Protecting "a trade secret or other confidential research, development, or commercial information" can constitute good cause to limit disclosure of information. Fed. R. Civ. P. 26(c)(1)(G). However, when the information predominantly relates to mutual customers of the parties who have already made their respective purchases, the risk of misuse is reduced. For the few documents that include information about sales of products other than Defendant's, Plaintiff fails to explain how information about three- to six-year-old sales can harm its current market standing. Although Plaintiff submits that removing the "Highly Confidential" designation could allow Defendant to interfere in its relationship with vendors, Plaintiff fails to identify, and the Court could not locate, any documents containing sensitive vendor information. The Court, therefore, finds that no good cause exists to designate the disputed documents as either "Highly Confidential – Attorney's Eyes Only" or "Confidential."

### IV. MOTIONS TO SEAL

When determining whether to seal documents, the applicable standard "turns on whether the materials are submitted in conjunction with a dispositive or non-dispositive motion." *Victory Sports & Ent., Inc. v. Pedraza*, 2019 WL 2578767, *1 (D. Nev. 2019). A motion is dispositive when it is "is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The sealing of dispositive motions and related

documents is evaluated under a "compelling reasons" standard. *Kamakana v. City & Cnty. of Honolul*, 447 F.3d 1172, 1179 (9th Cir. 2006). A party must support its motion to seal dispositive filings by "articulat[ing] compelling reasons supported by specific factual findings." *Id.* at 1178. Sealing nondispositive motions requires a "particularized showing" under a "good cause" standard. *Id.* at 1180 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1138 (9th Cir. 2003)).

Defendant seeks to seal Exhibits A, B, and C to Mr. Aldrich's declaration in support of the renewed motion to de-designate documents. Docket No. 115. Defendant further seeks to seal Exhibit F to its reply brief. Docket No. 120. Defendant submits that sealing is appropriate because the documents have been designated "Highly Confidential – Attorney's Eyes Only" or "Confidential" by Plaintiff. Docket Nos. 115 at 2-3; 120 at 2-3. As discussed above, the Court is removing any confidentiality designations from the challenged documents. Accordingly, Defendant's motion to seal its reply is moot. The exhibits to Mr. Aldrich's declaration, however, contain the unredacted contact and financial information of non-parties to this case. The Court, therefore, finds that good cause exists to seal Exhibits A, B, and C to Mr. Aldrich's declaration.

## IV.   CONCLUSION

For the reasons more fully discussed above, Defendant's renewed motion to de-designate documents is **GRANTED**. Docket No. 112. Plaintiff is **ORDERED** to disclose the unredacted challenged documents to Defendant no later than March 14, 2023.[2]

Further, for the reasons more fully discussed above, Defendant's motion to seal Exhibits A, B, and C to Mr. Aldrich's declaration in support of the motion to de-designate documents is **GRANTED**. Docket No. 115. Defendant must file a notice of compliance attaching Mr. Aldrich's declaration and exhibits redacted in accordance with Federal Rule of Civil Procedure 5.2 to the public docket no later than March 22, 2023. Defendant's motion to seal Exhibit F to its reply is

---

[2]   The parties are reminded that, in the event any of the documents are used in future court filings, such documents must still be redacted in accordance with Federal Rule of Civil Procedure 5.2.

**DENIED** as moot. Docket No. 120. The Clerk's Office is **INSTRUCTED** to unseal the filing at Docket No. 119.

IT IS SO ORDERED.

Dated: March 9, 2023

Nancy J. Koppe
United States Magistrate Judge