UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TASTY ONE, LLC, | Case No.: 2:20-cv-01625-APG-NJK |
| Plaintiff | **Order Granting Motion for Sanctions** |
| v. | [ECF No. 142] |
| EARTH SMARTE WATER, LLC, | |
| Defendant | |

    Magistrate Judge Koppe allowed counsel for defendant Earth Smarte Water, LLC to withdraw from representation, and she ordered Earth Smarte to retain new counsel by June 30, 2023. ECF No. 137.  Earth Smarte violated that order because it did not retain counsel by that date and has confirmed it cannot (or will not) retain counsel. ECF Nos. 141 and 143.  Earth Smarte, as a business entity, cannot appear in this case on its own behalf; it must retain counsel. *United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) ("A corporation may appear in federal court only through licensed counsel.").  Its lack of counsel prevents it from further participation in this case and stymies plaintiff Tasty One, LLC's ability to bring the case to trial.  Thus, Tasty One moves for an order to show cause why case-dispositive sanctions should not be imposed against Earth Smarte. ECF No. 142.

    Preliminarily, it is not necessary to order Earth Smarte to show cause why sanctions should not be entered.  Tasty One's motion gives Earth Smarte notice of the sanctions being requested and the reasons why.  And Tasty One's principal has confirmed he is aware of the risk that sanctions will be entered. ECF No. 143 at 2 ("I realize and accept that maybe sanctions, a judgement (sic) is coming from you.  I understand that your (sic) doing your job and except (sic)

your decisions."). Thus, I will consider the merits of Tasty One's request for sanctions without further briefing.

Federal Rule of Civil Procedure 16(f)(1)(C) allows me to impose sanctions for the violation of Judge Koppe's order. Sanctions may include "those authorized by Rule 37(b)(2)(A)(ii)-(vii)," including striking pleadings and entering default judgments. And the Ninth Circuit has "recognized default as a permissible sanction for failure to comply with local rules requiring representation by counsel." *Emp. Painters' Tr. v. Ethan Enters., Inc.*, 480 F.3d 993, 998 (9th Cir. 2007) (citing *High Country Broadcasting*, 3 F.3d at 1245). Before entering case-dispositive sanctions for violating a court order, I consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the [non-offending party]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). *Cf. R & R Sails, Inc. v. Ins. Co. of Penn.*, 673 F.3d 1240, 1247 (9th Cir. 2012) ("[B]ecause the [Rule 37(c)] sanction amounted to dismissal of a claim, the district court was required to consider whether the claimed noncompliance involved willfulness, fault, or bad faith, . . . and also to consider the availability of lesser sanctions.") (simplified).

Earth Smarte's failure to retain counsel has blocked the efficient and expeditious resolution of this case, and has kept the case on my docket longer than necessary. Obviously, it significantly prejudices Tasty One's ability to seek a judgment. And while it is preferable to resolve cases on their merits, that is not a strong factor where, as here, Earth Smarte's actions preclude that.

Tasty One argues Earth Smarte's failure to retain counsel demonstrates its ongoing bad faith in this case. The motion recites Earth Smarte's many actions that delayed discovery and

motion practice and rendered it difficult for Tasty One to proceed. ECF No. 142 at 13-15. It also points out that Earth Smarte's principal (Terry Denton) claims Earth Smarte has ceased operating, but Denton is participating in a trade show seminar on behalf of Earth Smarte. *Id*. at 10; ECF No. 142-1. Denton responds that the business entity he is representing in that seminar is different from the Earth Smarte defendant here even though both use the Earth Smarte name. ECF No. 143 at 2. Even if true, Earth Smarte has repeatedly delayed the progress of this case, and its failure to retain counsel is its own fault, not anyone else's. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) ("disobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault") (simplified).

      Finally, there are no feasible, lesser, alternative sanctions. I could order the case to go to trial without Earth Smarte's participation. Tasty One's presentation would go unrebutted and judgment likely would be entered. The same result can be achieved more efficiently and expeditiously by striking Earth Smarte's answer, entering default, and allowing Tasty One to move for default judgment. That sanction conserves the court's and Tasty One's resources, provides the same finality, and serves the interests of justice.

      Earth Smarte's failure to retain counsel precludes it from participating in this case and prejudices Tasty One's ability to prosecute its claims and potentially recover a judgment. Justice dictates that default be entered against Earth Smarte so Tasty One can pursue a default judgment.

/ / / /

/ / / /

/ / / /

Tasty One also requests an award of its fees and costs under Rule 16(f)(2). ECF No. 142 at 19.[1]  That rule requires me to order Earth Smarte to pay Tasty One's fees and expenses incurred in connection with the motion "unless the noncompliance [with the court's order] was substantially justified or other circumstances make an award of expenses unjust."  No such circumstances exist here.  I therefore grant Tasty One's request for fees and costs incurred in connection with the motion and reply.  Tasty One may file a properly supported application for those fees and costs.

I THEREFORE ORDER that Tasty One's motion **(ECF No. 142) is granted**.  Defendant Earth Smarte's answer to the complaint **(ECF No. 32) is stricken**.

I FURTHER ORDER the clerk of court to enter default against Earth Smarte.

I FURTHER ORDER that Tasty One may file an application for the fees and costs it incurred in connection with this motion and reply by September 8, 2023.  The motion must comply with Local Rules 54-11 and 54-14.

DATED this 24th day of August, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[1] Tasty One also moves for fees under Rule 37(b)(2)(C). *Id.*  That rule allows for a fee award for violation of a court's discovery order.  Judge Koppe's order did not involve discovery, so Rule 37(b)(2)(C) does not apply.